**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                    Case No. 8:18-bk-03054-CPM

CM HVAC HOLDINGS, LLC,                    Chapter 7

       Debtor.

_____/

**TRUSTEE'S RESPONSE TO REGIONS' EMERGENCY VERIFIED**
**MOTION FOR RESOLUTION OF DISPUTED ELECTION**

ANGELA WELCH (the "Trustee"), as the interim Chapter 7 Trustee of the bankruptcy estate of CM HVAC HOLDINGS, LLC (the "Debtor"), by and through her undersigned counsel, hereby responds (the "Response") to Regions' Emergency Verified Motion for Resolution of Disputed Election ("Motion for Resolution")[D.E. #113]. In further support of the Response, the Trustee respectfully represent as follows:

I.       **INTRODUCTION**

At the outset of every chapter 7 bankruptcy case, an interim trustee is appointed by the United States trustee's office. 11 U.S.C. § 701. Creditors who meet certain threshold requirements may request an election of a trustee, and cast votes, at the section 341 meeting of creditors. 11 U.S.C. § 702; Bankruptcy Rule 2003. These requirements are not empty. In fact, as one court noted: "Congress did not intend that creditors who had disputes with the estate over liability for or the amounts of their claims would be able to participate in the election process…it would be a strange perversion of the intent of § 702 to allow creditors who had disputed claims against the estate to participate in an election to choose their opposition." *In re San Diego Symphony Orchestra Assn*., 201 B.R. 978, 985 (Bankr. S.D. Cal.1996); *accord* 6 Collier on

Bankruptcy ¶702.02 (16th ed. 2013) (asserting that one of the stated purposes of these safeguards is to ensure that creditors not be allowed to "choose their opponent"). The disputed and unliquidated unsecured claim asserted by Regions Bank on the eve of the First of Meeting of Creditors in this case does not meet the statutory prerequisites for requesting and voting at an election of a chapter 7 trustee. Allowing Regions to choose its opponent in the various battles with the estate would run afoul of the purpose of section 702. As such, this Court should deny the Motion For Resolution and allow the interim trustee to continue to serve as trustee in this chapter 7 case.

## II.    PROCEDURAL BACKGROUND.

1.      On April 16, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Clerk of this Court.

2.      The Debtor provided commercial HVAC services, residential air conditioning and heating systems, refrigeration systems, duct installations, insulation and other facets of the A/C HVAC industry throughout the Tampa Bay Area.

3.      On April 16, 2018, the Debtor filed an Emergency Motion to Use Cash Collateral [D.E. #3] ("Cash Collateral Motion").

4.      On April 17, 2018, Regions filed a Proof of Claim asserting a secured claim in the amount of $4,423,330.73 [Claim No. 1-1] ("Claim").

5.      On April 17, 2018, Regions filed a *Response to Emergency Motion to Use Cash Collateral* [D.E. #7] and opposed the relief sought by the Debtor.

6.      On April 18, 2018, the Debtor filed an Emergency Motion to Pay Pre-Petition Obligations of Critical Vendors and Service Providers [D.E. #11] ("Critical Vendor Motion").

7.      On April 19, 2018, Regions filed its *Response to Critical Vendor Motion* [D.E. #17] and opposed the relief sought by the Debtor.

8.      On April 26, 2018, Debtor filed Emergency Motion to Pay Pre-Petition and Post Petition Wages and Compensation *Nunc Pro Tunc* to April 16, 2018 [D.E. #41]("Wages Motion").

9.      On April 27, 2018, the Court entered an Order Denying Wages Motion [D.E. 46].

10.     On April 30, 2018, Regions filed its Motion to Dismiss or Convert Bankruptcy Case [D.E. #50]("Conversion Motion").

11.     On May 2, 2018 (the "Conversion Date"), the Court entered orders converting the Debtor's case to a Chapter 7 proceeding [D.E. #'s 59, 60 & 61] and which (among other things) noted the appointment of Angela Welch as Chapter 7 Trustee, scheduled the Debtor's meeting of creditors for June 5, 2018 ("First Meeting of Creditors"), and established July 11, 2018 as the deadline for creditors to file proofs of claim.

12.     On May 3, 2018, the Trustee filed the Application for Entry of An Order Authorizing the Employment of Robert F. Elgidely and The Law Firm of Genovese Joblove & Battista, P.A. As Counsel to Chapter 7 Trustee, Angela Welch [D.E. #63].

13.     On May 4, 2018, the Court entered the Order Granting Application for Entry of An Order Authorizing the Employment of Robert F. Elgidely and The Law Firm of Genovese Joblove & Battista, P.A. As Counsel to Chapter 7 Trustee, Angela Welch [D.E. #64].

14.     On May 4, 2018, Regions Bank filed the Verified Motion for Termination or Modification of Automatic Stay (the "Regions Stay Relief Motion") [D.E. 66].  In connection with Regions Stay Relief Motion, Regions filed a Certificate of Necessity [D.E. #70] requesting

that that this Court schedule a hearing on an emergency basis. On May 15, 2018, the Court held a hearing on the Regions Stay Relief Motion and granted the relief requested.

15.    On May 21, 2018, the Debtor filed its Schedules and Statement of Financial Affairs [D.E. # 88].

16.    On May 25, 2018, th Court entered an Order Granting Regions Bank's Verified Motion for Termination or Modification of Automatic Stay ("Stay Relief Order") to foreclose and otherwise enforce its security interests and liens in its Collateral [D.E. #105].

17.    On June 4, 2018, Regions filed an Amended Proof of Claim asserting a secured claim in the amount of $1,423,330.73 and unsecured claim of $3,000,000. [Claim No. 1-2] ("Amended Claim").

18.    On June 4, 2018, the Trustee filed her Objection to Claim of Regions Bank (Claim Number 1-2) ("Objection to Claim") [D.E. #110].

19.    On June 5, 2018, Regions Bank filed its Response to Interim Trustee Claim Objection ("Response to Objection to Claim") [D.E. #111].

20.    On June 5, 2018, Regions Bank filed its Emergency Verified Motion for Resolution of Disputed Election ("Motion for Resolution") [D.E. #113].

21.    On June 6, 2018, the Report of Disputed Election of Chapter 7 Trustee was filed by Daniel M. McDermott, the United States Trustee for Region 21 ("Report") [D.E. #116].

22.    On June 8, 2018, the Court scheduled a hearing for June 11, 2018 at 11:00 am on the Motion for Resolution.

III.    **RESPONSE**

23.    In order to request an election of a trustee pursuant to section 702(b), or vote in an election pursuant to section 702(a), a party must meet the following statutory requirements:

4

(a) A creditor may vote for a candidate for trustee **only if** such creditor—
  (1) holds an **allowable, undisputed, fixed, liquidated**, unsecured claim of a kind entitled to distribution under section 726 (a)(2), 726 (a)(3), 726 (a)(4), 752 (a), 766 (h), or 766 (i) of this title;
  (2) does not have an **interest materially adverse**, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and
  (3) is not an Insider.

11 U.S.C. § 702(a) (emphasis added). By its own terms, these statutory threshold requirements are not discretionary; rather, they are mandatory. In addition, they are conjunctive, not disjunctive; meaning all three requirements must be met. Or, stated inversely, the failure to meet any one requirement is disqualifying.

24.     Here, Regions fails to meet the mandates of both section 702(a)(1) and (a)(2). Therefore, the Court should find that there was no election and Trustee Welch should serve as chapter 7 trustee pursuant to section 702(d).

**I.   <u>Regions Does Not Hold an Allowable, Undisputed, Fixed, Liquidated, Unsecured Claim</u>**

25.     At the Election, Regions voted Claim No. 1-2 which was filed on the eve of the First Meeting of Creditors asserting an unsecured deficiency claim in the amount of $3,000,000. *See, Amended Proof of Claim No 1-2.*   Prior to the Election, the Trustee filed an Objection to the Amended Claim. Therefore, based on the plain language of Bankruptcy Rule 2003, Regions is not eligible to request an election, nor vote.  *See* Bankruptcy Rule 2003(b)(3), which states, in pertinent part, that a creditor is entitled to participate in a trustee election "if, at or before the meeting, the creditor has filed a proof of claim ... *unless objection is made to the claim* or the proof of claim is insufficient on its face" (emphasis added).

26.     Courts are divided on the interpretation of section 702(a) in tabulating the universe of claims.  Certain courts employ a "restrictive" view, while others take an "expansive" approach.  *Compare In re Lake States Commodities, Inc.*, 173 B.R. 642 (Bankr.N.D.Ill.1994) (restrictive) with *In re Michelex, Ltd.*, 195 B.R. 993 (Bankr. W.D. Mich. 1996) (expansive).  Still, others employ a third approach. *See In re TBR USA, Inc.,* 429 B.R. 599 (Bankr. N.D.Ind. 2010) (employing a hybrid approach).  However, under any approach, the filing of an objection to a creditor's claim effectively disenfranchises a creditor under section 702.  *See In re TBR USA, Inc.,* 2009 WL 9057729, *5 (N.D.Ind. Mar 12, 2009); *In re Williams*, 277 B.R. 114, 119 (Bankr.C.D.Ca.2002); *In re San Diego Symphony Orchestra Assn*., 201 B.R. at 980; *In re Aspen Group, Inc.*, 189 B.R. 859, 863 (Bankr. S.D. Fla. 1995) (Hyman, J.).

27.     To be certain, the "authorities unanimously agree that a 'mini-trial' to determine if a claim is 'disputed' would unduly delay the administration of the estate at the initiation of the case." *In re Williams*, 277 B.R. at 120 n. 8; *In re Aspen Group, Inc.*, 189 B.R. 859, 863 Rather, the court is "merely [required to] determine whether the dispute was groundless or frivolous."  *In re TBR USA, Inc.,* 2009 WL 9057729, *6.

28.     Here, the dispute with respect to Regions Amended Claim is neither tactical, groundless nor frivolous.  While the Trustee has a number of meritorious grounds to object to the claims asserted by Regions, it begs repeating that the standard to be employed here is extremely low.  The Court need not waste time or resources analyzing each and every basis, or to conduct a "mini-trial" on the Claim and/or Trustee's Objection.  *See Williams and TBR USA, supra*, Therefore, in the interest of preserving time and judicial resources, the Trustee presents a significantly truncated discussion of the Amended Claim and Objections thereto.

29.     Separately, and ignoring the allowable dispute issue raised above, the Amended

Claim asserts an unsecured claim which is unliquidated and disputed and therefore ineligible. *See, e.g., In re Centennial Textiles, Inc.*, 209 B.R. 31, 34 (Bankr. S.D. N.Y. 1997) ("A debt is liquidated within the meaning of section 702 if the amount due and the date on which it was due are fixed or certain, or when they are ascertainable by reference to (1) an agreement or (2) a simple formula.").

30.     The Amended Claim is based on loan documents, which include, among other things, personal guarantees signed by third parties.  As such, calculation of its unsecured claim is not based upon a simple formula but requires valuation of Collateral, litigation over collection of accounts receivable and assessment of third party claims, which amounts are unsubstantiated by any evidence as of the Election.

31.     Significantly, the Collateral securing the Amended Claim has not been liquidated, sold or valued pursuant to 11 U.S.C. §506, which is necessary to establish the amount of any fixed, liquidated and allowable deficiency claim.  Instead, the Amended Claim arbitrarily bifurcates the secured versus unsecured portion of the Claim without any evidence that the Claimant has disposed of the Collateral in a commercially reasonable manner, and/or has sought to value the Collateral under 11 U.S.C. §506 at any time prior to filing the Amended Claim.

32.     It is questionable why Regions waited until the eve of the First Meeting of Creditors to file its Amended Claim when is has been intimately involved in this case since the Petition Date. Notably, the filing of the Amended Claim at 5:48 pm on the eve of the First Meeting of Creditors of the Debtor scheduled for June 5, 2018, at 9:00 a.m., appears to have been filed solely to vest Regions with rights of an unsecured creditor for purposes of holding a Trustee election under 11 U.S.C. §702.

33.     The Amended Claim asserts an unsecured deficiency claim of $3,000,000 without any attachments to support such an amount other than a vague statement asserting that **"The Bank**

**_believes_ that the maximum conceivable value of that portion of its Claim that is secured, is in the amount of $1,423,330.73, leaving an unsecured claim in the amount of $3,000,000.** *See, Attachment to Amended Claim 1-2, Part 2* (emphasis added).

34.    Pursuant to the Debtor's schedules, the value of Regions Collateral is listed as "Unknown." *See, Schedules A/B* [D.E. #88]. Further, the Schedules provide no value for Debtor's accounts receivable, inventory, or recent valuation of the Debtor's personal property. *See, Schedules A/B* [D.E. #88].  Likewise, no value is provided for the Debtor's domain names, customer lists, telephone numbers, cell phones or other miscellaneous assets. *See, Schedules A/B* [D.E. #88].  Accordingly, the Trustee objects to any portion of the Amended Claim as being deemed an allowed unsecured claim in the amount of $3,000,000 until such time as the Collateral is liquidated in a commercially reasonable manner, sold or valued pursuant to 11 U.S.C. §506.   At a bare minimum, the dispute with respect to the Amended Claim is neither tactical, groundless nor frivolous, but based on good faith legal grounds.

35.    The voting eligibility of an undersecured creditor that filed a proof of claim reflecting a waiver of some or all of its security only if done in advance of a trustee election. *In re N. Star Dev. & Constr., LLC*., 2016 WL 3633081, at *3 (Bankr. M.D. Fla. July 6, 2016). However, Regions failed to waive any of its security prior to the Election. Thus, taking Regions outside of those approved by the court in *Lindell Drop Forge Co.*[1]  Further, even if an undersecured creditor does waive its security prior to an election, which Regions only recently sought to conveniently assert, the creditor may still be disqualified from voting for holding an interest materially adverse to other eligible creditors due to its security interest (as argued below). *See, In re Jotan, Inc*., 236 B.R. 79, 84 (Bankr. M.D. Fla. 1999).

---

[1] In re Lindell Drop Forge Co., 111 B.R. 137,146 (Bankr. W.D. Mich. 1990).

36. Undersecured creditors, under § 506(a) hold bifurcated claims, of which one claim is unsecured. *In re Michelex Ltd.,* 195 B.R. 993, 1007 (Bankr.W.D.Mich.1996). Such a creditor's unsecured portion of its claim is not "fixed" as it will be difficult to value the collateral to determine the secured portion of the claim. *Id.* In addition, undersecured creditors are only entitled to vote the unsecured portion of their proofs of claim provided that the value of their collateral had been previously listed in the Debtor's schedules or demonstrated by submitted appraisals or assessments. *In re Mastro*, 2011 WL 3300054, at *2 (B.A.P. 9th Cir. Apr. 20, 2011).

37. Based upon the foregoing, the Amended Claim does not meet the statutory requirement for purposes of voting in a Trustee election under 11 U.S.C. §702(a)(1), which requires that a creditor in order to vote for a candidate for trustee must " hold an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726(a)(2), 726(a)(3), 726(a)(4), or 766(i)…" The United States Trustee shares in the Trustee's concerns regarding Regions status as a qualified voting creditor in light of its unliquidated claim. *See, Report, ¶26* [D.E. #166].

38. Furthermore, the Trustee would encourage this Court to exercise its discretion and deny any request by Regions for consideration of any motion seeking allowance of a disputed claim for purposes of voting filed <u>after</u> the Election. *See Aspen Marine Group, Inc.,* 189 B.R. 859, 863 (Bankr. S.D. Fla.1995)(Claims added after an election should not be counted since such addition would render any election subject to change, which would cause unreasonable delay and uncertainty as to the finality of the Election) *citing In re Deena Woolen Mills, Inc.,* 114 F.Supp. 260 (D.C.Me.1953) (the bankruptcy court has discretion to deny creditors from voting in a trustee election where consideration of claims would result in unreasonable delay).

39. To the extent Regions complains that the timing of Trustee's Objection is simply

tactical and only meant to prevent it from seeking estimation for purposes of voting, the same is categorically denied. Regions placed itself in this predicament by waiting until the eve of the First Meeting of Creditors to file its Amended Claim. [2] As such, the Trustee cannot be criticized for filing its Objection in response to the late filed Amended Claim. Moreover, at least one other Bankruptcy Judge in the Southern District of Florida has rejected such arguments. *See In re Aspen Group, Inc.*, 189 B.R. at 863. In *Aspen Group*, the debtor objected to a number of proofs of claim filed by creditors prior to a chapter 11 trustee election.[9] There, Judge Hyman held that the burden rested on the parties in interest to bring a motion before the court to estimate the claims for purposes of voting prior to the election. *Id.* Judge Hyman further held that the bankruptcy court has the discretion to preclude "creditors from voting in a trustee election where consideration of claims would result in unreasonable delay." *Id.* (citing *In re Deena Woolen Mills, Inc.*, 114 F.Supp. 260 (D. C. Me.1953). Exercising that discretion, Judge Hyman found that the attendant delay in any claims allowance process could have resulted in possible harm to the bankruptcy estate and therefore, excluded the disputed claims from the election process. *Id.* This Court should do the same in this case.

## II.     Regions Holds a Materially Adverse Interest to General Unsecured Creditors

40.     There is yet another reason to preclude Regions from requesting an election and/or participating at the Election. At the Election, counsel for the Trustee asserted several reasons why Regions holds a materially adverse interest to the estate pursuant to section 702(a)(2) and therefore is not eligible to vote for election of a Trustee.

41.     A creditor that is primarily concerned for their secured claims, a potential super-priority claim, and with protecting such claims with regards to all of Debtor's assets can be found

---

[2] Regions filed it original proof of claim in this case on April 17, 2018 [Claim No. 1] asserting a fully secured claim in the amount of $4,423,330.73.

to be "materially adverse." *Jotan at* 84. Regions has shown through its actions thus far in the Bankruptcy Case that it is more interested in receiving all of the assets to which Regions is secured, without looking to improve the estate for the creditors who are truly unsecured. This inherently creates a conflict with general unsecured creditors. *Id*. Regions has attempted to "waive" its secured claim in order to become eligible to elect a trustee, but remains the only secured creditor and continues to seek to protect Regions' secured status over and above the interest of other general unsecured creditors.

42.     Here, Regions has been materially adverse to the estate for some time and continues to be adverse.  First, it has asserted a disputed claim against the estate.  *See D*iscussion *supra*.  While in chapter 11, Regions opposed the Debtor's request for use of cash collateral and payment of pre-petition critical vendors. *See Regions Response to Emergency Motion to Use Cash Collateral* [D.E. #7 4/17/18] and *Regions' Response to Critical Vendor Motion* [D.E. #17, 4/19/18]. Additionally, Regions sought dismissal and/or conversion of the case and rejected a potential sale of the Debtor's assets free and clear of liens to a potential purchaser for $850,000. *See, Motion to Dismiss* [D.E. #50].  Later, Regions filed its Stay Relief Motion wherein it alleges that it has not been able to quantify the Debtor's overall assets, liabilities, income or expenses yet it filed a few weeks later an Amended Claim asserting an unsecured claim for $3,000,000.  On May 25, 2018, this Court entered the Stay Relief Order granting stay relief to Regions to foreclose and otherwise enforce its security interests and liens in its Collateral. *See Stay Relief Order* [D.E. #105].

43.     Additionally, Regions interests are materially adverse to the remaining claims in the estate by virtue of its unconditional personal guarantees of Mr. McNeil and Michael G. Charles, both of whom are targets of avoidance claims by the estate. A creditor who holds a

11

guaranty from a source from whom the bankruptcy estate also expected to recover was disqualified from requesting and voting in a trustee election because it had a material adverse interest. *In re A & E 128 North Corp.*, 528 B.R. 190, 201 (1st Cir. BAP 2015), (*citing, In re Klein*, 119 B.R. 971, 975 (N.D.Ill.1990), "[a]t the time of the election, a creditor having the prospective ability to enhance its recovery at the estate's expense holds a materially adverse interest.".   The creditor in this position has an incentive to recover from guarantors directly rather than receive a diluted share as would be collected by a trustee and distributed from the estate. *A & E 128 North* at 201. Moreover, the creditor's individuals draw directly from the same source of funds which would be insufficient to satisfy the individual creditor's claims and the estate's claims in full. *Id*. In this case, Regions has the prospective ability to enhance its recovery by pursuing personal guarantees, and, to the extent Mr. McNeil and Michael Charles could not satisfy both Regions' and the estates' claims, there would be a "race to the courthouse steps" for those funds. Thus, Regions' interests are materially adverse to those of the unsecured creditors.

44.     As outlined above, contrary to Regions assertions, the Estate has substantial chapter 5 causes of action against Regions, which makes Regions materially adverse to the estate and other creditors. The possibility of this preference liability demonstrates that a creditor's interest is materially adverse to other unsecured creditors, disqualifying it from voting in the trustee election. *In re Argon Credit, LLC*, 570 B.R. 70, 74 (Bankr. N.D. Ill. 2017).

45.     The Trustee does need to prove preference liability at this stage of the case; the Trustee must only have a sufficient basis for the preference liability that rise above the mere suspicion threshold. *In re San Diego Symphony Orchestra Ass'n*, 201 B.R. 978, 983 (Bankr. S.D. Cal. 1996).

46.     The Trustee's forensic accountant, John Heller, has performed a preliminary

analysis of the Debtor's books and records to evaluate potential avoidance claims and determined that preference claims exists against Regions as outlined below.

47.     The Debtor owed Regions on the Debtor's Regions Bank credit card approximately $165,000 on the eve of the preference period.  During the preference period, the Debtor made four (4) preference period payments to Regions totaling more than $599,000 which payments have been traced to the Regions Operating Account.  These payments constitute payments to or for the benefit of Regions, on account of antecedent debt, made while the Debtor was insolvent on or within ninety (90) days of the petition.

48.     Next, during the preference period, the Debtor's payroll account at Regions Bank ("Regions Payroll Account") was in an overdraft position on four (4) different days (i.e., 4 times) with overdrafts ranging from $44 to almost $77,000. The Regions Payroll Account clearly reflects that Regions did not bounce or reject any transactions giving rise to these overdrafts.  As a result, Regions was making general unsecured loans to Debtor which constitute antecedent debt which the Debtor subsequently repaid to or for the benefit of Regions during the ninety (90) day preference period while the Debtor was insolvent.

49.     Additionally, during the preference period, the Debtor's operating account at Regions ("Regions Operating Account") was in an overdraft position on five (5) different days (i.e. 5 times) with overdrafts ranging from $21,500 to almost $208,000.  On March 23, 2018, the Debtor transferred $125,000 from Regions Operating Account to cover an overdraft on March 22, 2018, in the Regions Payroll Account.  These transfers on March 23, 2018 left the Debtor's Regions Operating Account in an overdraft position reflecting that Regions Bank allowed the Debtor to kite funds to potentially cover payroll transactions.

50.     During the preference period Regions Bank received six (6) payments on the Debtor's two (2) secured loans from Regions Bank.  The last payment of $46,010.62 was subsequently reversed by Regions two (2) days after payment.  As a result, Regions received $112,321 of payments on account of its secured loans during the preference period of which $66,226 represented pay down of principal and $46,095 represented interest payments.

51.     These facts clearly establish a sufficient basis concerning Region's preference exposure.  The foregoing is based on a preliminary forensic accounting analysis and the Trustee reserves the rights to assert any others claims identified in the future.  Accordingly, Regions is materially adverse to the estate and should be precluded from either calling an election or voting in it.

52.     Finally, the Trustee asserts based upon various representations advanced by Regions that Mr. Hyman may likewise possess materially adverse interest due to his pre Election contacts with Regions Bank related to this case.  At the Stay Relief Hearing held on May 15, 2018, John Anthony, counsel for Regions, asserted that he contacted Mr. Hyman on or before the conversion of the case for reasons that are yet unclear.  Mr. Anthony asserted as follows -

> 2      And that's how we got Mr. Hyman is we said: The
>
> 3      estate is going to need someone. **So he put in his free**
>
> 4      **work. He called up Dave Jennis**.

*Transcript, May 15, 2018, p.5, lines 2-4 [emphasis added].*

53.     Upon information and belief, Mr. Hyman has performed services for Regions related to this case and others.  Therefore, it is questionable whether Mr. Hyman can pass the "disinterested" test in order to serve as a Trustee in this case.

14

54.    No other creditor made any request for further nominations or asked to be heard regarding this matter or cash a vote in favor of Mr. Hyman.

## III.    RESERVATIONS OF RIGHTS.

The Trustee reserves all rights to raise any additional arguments during the hearing scheduled in this matter on June 11, 2018, at 11:00 a.m.

**WHEREFORE**, the Trustee respectfully requests entry of an Order (i) denying Regions Resolution Motion; (ii) deeming Regions Bank not eligible to request a chapter 7 trustee election; (iii) appointing Trustee Angela Welch as the chapter 7 Trustee in this case, or alternatively, deeming Angela Welch as the winner of the election; and (iv) granting such other relief as is just and proper.

Respectfully submitted this 8th day of June, 2018.

GENOVESE JOBLOVE & BATTISTA, P.A.
*Counsel to the Interim Chapter 7 Trustee,*
*Angela Welch*
200 East Broward Boulevard, Suite 1110
Fort Lauderdale, Florida  33301
Telephone: (954) 453-8000
Telecopier: (954) 331-2907

By:/s/ *Mariaelena Gayo-Guitian*
    Robert F. Elgidely, Esq.
    Florida Bar No. 111856
    E-Mail: relgidely@gjb-law.com
    Mariaelena Gayo-Guitian, Esq.
    Florida Bar No. 813818
    E-Mail: mguitian@gjb-law.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 8<u>th</u> 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this notice as service of this document by electronic means and a copy was also served via first class mail on all parties identified on the attached Service List who are not registered users of the Court's CM/ECF system.

By:<u>/s/ *Mariaelena Gayo-Guitian*    </u>
    Mariaelena Gayo-Guitian, Esq.

## SERVICE LIST

### *Served Via CM/ECF Notification*

John A Anthony on behalf of Creditor Regions Bank
janthony@anthonyandpartners.com,
efilings@anthonyandpartners.com;lcarreiro@anthonyandpartners.com

Stephenie Biernacki Anthony on behalf of Creditor Regions Bank
santhony@anthonyandpartners.com,
ashook@anthonyandpartners.com;efilings@anthonyandpartners.com

Jake C Blanchard on behalf of Debtor CM HVAC Holdings, LLC
jake@jakeblanchardlaw.com,
jake.c.blanchard@gmail.com;rebecca@jakeblanchardlaw.com;r64055@notify.bestcase.com

C Timothy Corcoran, III on behalf of Creditor St. Mary Catholic Church
ctcorcoran@mindspring.com

Kathleen L DiSanto on behalf of Creditor ARCO/Murray National Construction Company, Inc.
kdisanto@bushross.com, ebishop@bushross.com;bnkecf@bushross.com

Amy L Drushal on behalf of Interested Party Hillsborough and 56th Street LLC
aldrushal@trenam.com, tfowler@trenam.com,mmosbach@trenam.com

Robert F Elgidely, Attorney for Trustee on behalf of Trustee Angela Welch
relgidely@gjb-law.com, cesser@gjb-law.com;vlambdin@gjb-law.com;chopkins@gjb-law.com;bsilva@gjb-law.com

Mariaelena Gayo-Guitian on behalf of Trustee Angela Welch
mguitian@gjb-law.com, chopkins@gjb-law.com;cesser@gjb-law.com;vlambdin@gjb-law.com

Scott A Haas on behalf of Creditor TAMPA BAY TRANE
shaas@shaaslaw.com

Jessica A Hicks on behalf of Creditor Ford Motor Credit Company, LLC
bankruptcynotices@kasslaw.com, jhicks@ecf.courtdrive.com

Megan Wilson Murray on behalf of Interested Party Hillsborough and 56th Street LLC
mwmurray@trenam.com, mmosbach@trenam.com;mwoods@trenam.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Angela Welch

angelalwelch@verizon.net, aesposito@ecf.epiqsystems.com

Nathan A Wheatley on behalf of U.S. Trustee United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

***Served Via U.S. Mail***

MLG/PF Breckenridge Investment, LLC
c/o MLG PF III Manager, LLC
13400 Bishop Lane, Suite 270
Brookfield, WI 53005

Michael C. Charles
Darlene A. Charles
5911 N. Dexter Avenue
Tampa, FL 33604

Seminole & Heights Storage, LLC
1011 E. MLK Jr. Blvd.
Tampa, LF 33603

***To all parties on the attached mailing matrix.***

Label Matrix for local noticing
113A-8
Case 8:18-bk-03054-CPM
Middle District of Florida
Tampa
Fri Jun  8 20:24:28 EDT 2018

Arco/Murray National Construction Company, I
c/o Bush Ross, P.A.
Attn: Kathleen L. DiSanto, Esq.
Post Office Box 3913
Tampa, FL 33601-3913

CW HVAC Holdings, LLC
5806 Breckenridge Parkway, Suite A/B
Tampa, FL 33610-4211

Charter HC Tampa Gunn, LLC
c/o Jay B. Verona
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602-5150

Elavon, Inc.
Att: Lisa Sims, Manager
7300 Chapman Hwy
Knoxville, TN 37920-6612

Five Star Mechanical Insulation LLC
3818 Deeson Rd.
Lakeland, FL 33810-5807

Ford Motor Credit Company, LLC
c/o Jessica Hicks
P.O. Box 800
Tampa, FL 33601-0800

Hillsborough and 56th Street LLC
c/o Trenam Law
Megan W. Murray
101 E Kennedy Boulevard, #2700
Tampa, FL 33602-5150

New Vista Builders Group, LLC
4906 N. Manhattan Ave.
Tampa, FL 33614-6420

Orion Marine Construction, Inc.
c/o John J. Lamoureux, Esq.
Carlton Fields
4221 West Boy Scout Blvd.
Suite 1000
Tampa, FL 33607-5780

Patel Construction Co., Inc.
c/o. Matthew J. Vaughn, Esq.
P.O. Box 24628
Lakeland, FL 33802-4628

Regions Bank
Anthony & Partners, LLC
201 North Franklin Street
Suite 2800
Tampa, FL 33602-5816

St. Andrew's Episcopal Church
c/o Nicole Mariani Noel
P.O. Box 800
Tampa, Fl 33601-0800

St. Mary Catholic Church
15520 North Blvd.
Tampa, FL 33613-1122

TAMPA BAY TRANE
c/o S HAAS LAW
12000 N. Dale Mabry Hwy
Suite 264
TAMPA, FL   33618-3309

Tom Barrow Company
c/o The Law Offices of Bobby Jones, P.A.
5622 Central Avenue
St. Petersburg, FL 33707-1718

A A Casey Company
5124 Nebraska Avenue
Tampa, FL 33603-2364

AMERICAN EXPRESS NATIONAL BANK
C/O BECKET AND LEE LLP
PO BOX 3001
MALVERN  PA 19355-0701

Action Bolt and Tool Co
PO Box 1449
Lake Worth, FL 33460-1449

Action Towing & Transporation
11207 Sheldon Road
Tampa, FL 33626-4708

Affordable Custom Metal Welding, Inc.
8511 Woodlake Drive
Deerfield Beach, FL 33615-1718

Airgas
PO Box 532609
Atlanta, GA 30353-2609

Albert Reyes
11502 Crowned Sparrow Lane
Tampa, FL 33626-2655

AllWayz Plumbing Services Inc
P.O. Box 130297
Tampa, FL 33681-0297

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Ally Financial
PO Box 78234
Phoenix, AZ 85062-8234

Amerisure Mutual Insurance Co
Lockbox #730502
Dallas, TX 75373-0502

Antonio Mcpherson
po box 2755
tampa, FL 33601-2755

Aspen Refrigerants
38-18 33rd Street
Long Island City, NY 11101-2211

Baker Distributing
PO Box 409635
Atlanta,, GA 30384-9635

Brandy Dunn
7613 Wood Violet Dr
Gibsonton, FL 33534-5646

Built-That
17711 Bosley Dr
Spring Hill, FL 34610-7754

CM Bank NA
c/o Bankruptcy Processing Solutions, Inc
PO Box 593007
San Antonio, TX 78259-0200

CM HVAC HOLDING
JOEL
2012 EAST HANNA AVE
TAMPA, FL 33610-3567

Captive-Aire Systems Inc
P.O. Box 60270
Charlotte, NC 28260-0270

Carrier Enterprise, LLC
29704 Network Place
Chicago, IL 60673-1297

Christopher F. Guay
Christopher Guay
12415 Cardiff Drive
Tampa, FL 33625-6587

Cirsco Roofing
311 S. Falkenburg Rd.
Tampa, FL 33619-8027

City Electric Supply, Tampa
7404 N. FLORIDA AVE.
TAMPA, FL 33604-4102

Commercial Duct System
9707 Williams Road
Thonotosassa, FL 33592-3554

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Deserae Vickers
Deserae
Vickers
5908 Berta Dr.
Tampa, FL 33617-1138

Eduardo Irsula
2704 W. Heiter Street
Tampa, FL 33607-6812

Elavon, Inc.
Attn: Lisa Sims, Manager Collection Dept
7300 Chapman Highway
Knoxville, TN 37920-6612

Elizabeth Hinkley
Elizabeth
Hinkley
607 Washita Stone Dr
Ruskin, FL 33570-6368

Ernest Guernsey
3019 W Patterson St
Tampa, FL 33614-3469

Euler Hermes North America Ins Company
800 Red Brook Blvd
Owings Mills, MD 21117-5173

Five Star Mechanical Insulation LLC
3818 Deeson Rd. Lakeland, FL 33810

Florida Cooling Supply, Inc.
205 C Kelsey Lane
Tampa, FL 33619-4332

Florida Holocaust Museum, Inc.
c/o Hugo S. Brad deBeaubien,
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Boulevard
Suite 2800
Tampa, FL 33602-5153

Florida Industrial Products
P.O. Box 5137
Tampa, FL 33675-5137

Ford Credit
PO Box 650575
Dallas, TX 75265-0575

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

Freddie C. Blount Sr
3138 Summer House Drive
Valrico, FL 33594-7639

GL Spies Company Inc
5311 West Crenshaw Street
Tampa, FL 33634-2406

Gemaire
2151 W. Hillsboro Blvd
Ste 400
Deerfield Beach, FL 33442-1199

Goodman Distribution
P.O. Box 660503
Dallas, TX 75266-0503

Grainger
PO Box 419267
Kansas City, MO 64141-6267

High Reach Co, Inc.
615 Hickman Circle
Sanford, FL 32771-6937

Hillsboro Sheet Metal Inc
4113 Nebraska Avenue
Tampa, FL 33603-4325

Hillsborough and 56th Street LLC
c/o Megan Wilson Murray
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602-5150

Home Depot (3563)
Dept 32 - 2140163563
PO Box 9001030
Louisbille, KY 40290-1030

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Interstate All Battery Center
2014 Edgewater Drive
Suite 130
Orlando, FL 32804-5312

James C McGovern
7323 Canal Blvd
Tampa FL 33615-5601

James Hartman
2604 Goldcrest Place
Valrico, FL 33596-5721


Johnstone Supply
3650 W Spruce Street
Tampa, FL 33607-2505

Johnstone Supply - Ware Group
PO Box 864652
Orlando, FL 32886-4652

Joseph Curd
Joseph
Curd
4868 Reece Rd
Plant City, FL 33566-0025


Joseph McCullough
2325 Maben Ave
Palm Harbor, FL 34683-5134

Joseph Miller
920 Essex Road
Brandon, FL 33510-2735

Judy's Permit Service
14903 Northwood Village Lane
Tampa, FL 33613-1521


Justin DeJordy
311 S Kingsway Rd
Seffner, FL 33584-4707

K & K Glass Inc.
5938 7th Street
Zephyrhills, FL 33542-3502

Karl Gavin
504 oceanviewave, palm harbor,fl.34683
504 oceanviewave, palm harbor,, FL 34683


Kelley Equipment Company of Florida Inc
Kelley Equipment c/o MCC
23240 Chagrin Blvd #410
Cleveland, OH 44122-5415

Kenneth M Snyder
3838 Rolling Circle
Valrico, FL 33594-5316

Kings Cash Group
30 Broad Street
12th Floor
New York, NY 10004-2902


Lennox Industries Inc
P.O. Box 910549
Dallas, TX 75391-0549

Luis Carlos Torres
1605 Marumbi Ct
Wesley Chapel, FL 33544-8649

MIchael Green
100
Tarpon Springs, FL 34689


Maria P Jimenez Tamayo
7624 Southern Brook Bend APT 304
Tampa, FL 33635-1862

Maryan DeGeorge
1516 Gadsden Point Place
Ruskin, FL 33570-7636

Matthew Bonnell
6662 21st Street N
st. petersburg, FL 33702-6408


Mayer Electric Supply Co
Dept 1440
PO Box 2153
Birmingham, AL 35287-0002

McGee (Monro Muffler Brake)
PO Box 2230
Eaton Park, FL 33840-2230

Michael Budin
23110 SR 54, Ste 281
Lutz, FL 33549


Norman D Turner II
Norm Turner
24130 Painter Drive
Land O Lakes, FL 34639-5432

Parks Lincoln of Tampa
10505 North Florida Avenue
Tampa, FL 33612-6710

Patrick P. Couture
215 W seneca ave
tampa, FL 33612-6755

Pearl Alpha Funding, LLC
100 William St
New York, NY 10038-5056

Performance Air Balancing, Inc.
6752 Gulf-to-Lake Hwy #532
Crystal River, FL 34429-9348

Regions Bank
PO Box 11407
Birmingham, AL 35246-0100


Regions Bank
PO Box 11408
Birmingham, AL 35202

Regions Bank
PO Box 11409
Birmingham, AL 35202

Regions Bank, an AL state chartered bank
c/o Stephanie Biernacki, Esquire
Anthony & Partners, LLC
201 North Franklin St., Suite 2800
Tampa, Florida 33602-5816


Richard Echevarria
Richard
Echevarria
2819 Holly Bluff Ct
Plant City, FL 33566-7110

Riverview Crane Service
P.O. Box 216
Mango, FL 33550-0216

Ryan Herco Flow Solutions
PO Box 588
Burbank, CA 91503-0588


Seminole Heights, LLC
1015 E. MLK Jr Blvd
Tampa, FL 33603-4311

Seminole Heights, LLC
1016 E. MLK Jr Blvd
Tampa, FL 33603-4312

Sonia Cribb
Sonia
Cribb
607 Washita Stone Dr
Ruskin, FL 33570-6368


St. Mary Catholic Church
Attn:  Fr. Tim Corcoran
15520 North Blvd.
Tampa, FL 33613-1122

St. Mary Catholic Church
C. TIMOTHY CORCORAN, III
1806 W. Richardson Place
Tampa, FL 33606-3229

Stan Weaver
4607 N,. Cortez Ave.
Tampa, FL 33614-7061


Sunbelt Rentals
1275 W Mound Street
Columbus, OH 43223-2213

Tampa Bay Trane
PO Box 919309
Orlando, FL 32891-0001

Tara Tickle
8312 Manor Club Circle Unit 4
Tampa, FL 33647-3439


Taylor Craig
1806 1/2 E Powhatan Ave
Tampa, FL 33610-8248

Thomas Wodka
2606 Colewood Lane
Dover, FL 33527-6359

Timothy Mitchell
2990 drew st
clearwater, FL 33759-3025


Tom Barrow Company
PO Box 116406
Atlanta, GA 30368-6406

Trane Equipment
P.O. Box 406469
Atlanta, GA 30384-6469

Tropic Supply, Inc.
1001 Sawgrass Corporate Pkwy
Sunrise, FL 33323-2811


United Refrigeration Inc.
P.O. BOX 677036
DALLAS, TX 75267-7036

United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Victor Distributing Company
11125 49th Street N
Clearwater, FL 33762-4805


Victor douglas
7316 Nundy avenue
Gibsonton, FL 33534-4805

Wawa
PO Box 6293
Carol Stream, IL 60197-6293

York Central Florida
P.O. Box 730747
Dallas, TX 75373-0747

daniel costen
2217 a
Lakeland, FL 33815

lloyd hartline
6236 barton rd
plant city fl., FL 33565-4822

Angela Welch
12157 West Linebaugh Avenue
PMB 401
Tampa, FL 33626-1732


Jake C Blanchard
Blanchard Law, PA
1501 S. Belcher Rd. Unit 2B
Largo, FL 33771-4505

John L. Heller
Marcum LLP
450 East Las Olas Boulevard, 9th Floor
Fort Lauderdale, FL 33301-4202

Michael William Hajek
Hajek & Hajek, PA
5308 Central Blvd
St Petersburg, FL 33707-6130


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Ford Motor Credit Company, LLC
P.O. Box 62180
Colorado Springs, CO 80962


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Ford Motor Credit Company, LLC
c/o Jessica Hicks
P.O. Box 800
Tampa, FL 33601-0800

End of Label Matrix
Mailable recipients    125
Bypassed recipients      1
Total                  126