## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

CM HVAC HOLDINGS, LLC,                                Case No.: 18-bk-03054
                                                      Chapter 11

      Debtor.

_____/

## <u>NOTICE OF FILING ADDENDUM EXPERT REPORT OF STEVEN S. OSCHER</u>

PLEASE TAKE NOTICE that Regions Bank, an Alabama state chartered bank ("Regions"), by and through its undersigned counsel, hereby files the attached Addendum Expert Report of Steven S. Oscher, Oscher Consulting P.A., in connection with "Regions' Emergency Verified Motion for Resolution of Disputed Election" [Doc 113] filed on June 5, 2018 in the above-captioned matter, as authorized by this Court at the conclusion of the hearing held on July 17, 2018.

Dated this 20th day of July, 2018.

<div style="margin-left:40%">

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQ.**
Florida Bar No.:  0731013
janthony@anthonyandpartners.com
**ANDREW J. GHEKAS, ESQ.**
Florida Bar No.:  0119169
aghekas@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: (813) 273-5616
Facsimile: (813) 221-4113
Attorneys for Regions

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2018, a true and correct copy of the foregoing has been served through this Court's CM/ECF System, via E-Mail, and/or U.S. Mail on the following parties:

Jake C Blanchard on behalf of Debtor CM
HVAC Holdings, LLC
jake@jakeblanchardlaw.com
jake.c.blanchard@gmail.com
rebecca@jakeblanchardlaw.com
r64055@notify.bestcase.com

John C Brock, Jr. on behalf of Creditor Five
Star Mechanical Insulation LLC
jbrock@trentcotney.com

Robert F Elgidely, Attorney for Trustee on
behalf of Trustee Angela Welch
relgidely@gjb-law.com
cesser@gjb-law.com
vlambdin@gjb-law.com
chopkins@gjb-law.com
bsilva@gjb-law.com

Scott A Haas on behalf of Creditor Tampa
Bay Trane
shaas@shaaslaw.com

Jessica A Hicks on behalf of Creditor Ford
Motor Credit Company, LLC
bankruptcynotices@kasslaw.com
jhicks@ecf.courtdrive.com

Camille J Iurillo on behalf of Creditor
Hillsborough and 56th Street, LLC
ciurillo@iurillolaw.com
nhawk@iurillolaw.com
azesch@iurillolaw.com

Robert S Jones, II on behalf of Creditor Tom
Barrow Company
bjones@bobbyjoneslaw.com

Timothy W Brink on behalf of Creditor
Amerisure Mutual Insurance Company
tbrink@mpslaw.com,
crampich@mpslaw.com

C Timothy Corcoran, III on behalf of
Creditor St. Mary Catholic Church
ctcorcoran@mindspring.com

Kathleen L DiSanto on behalf of Creditor
ARCO/Murray National Construction
Company, Inc.
kdisanto@bushross.com
ebishop@bushross.com
bnkecf@bushross.com

Mariaelena Gayo-Guitian on behalf of
Trustee Angela Welch
mguitian@gjb-law.com
chopkins@gjb-law.com
cesser@gjb-law.com
vlambdin@gjb-law.com
gjbecf@ecf.courtdrive.com

Ryan C Hardy on behalf of Creditor
ARCO/Murray National Construction
Company, Inc.
rhardy@spencerfane.com
kheinz@spencerfane.com

Andrew W Houchins on behalf of Creditor
Ally Financial
arivera@rushmarshall.com

Eric D Jacobs on behalf of Trustee Angela
Welch
ejacobs@gjb-law.com

Nicole Mariani Noel on behalf of Creditor St.
Andrew's Episcopal Church
bankruptcynotices@kasslaw.com
nmnoel@ecf.courtdrive.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Jay B Verona on behalf of Creditor Charter
HC Tampa Gunn, LLC
jverona@slk-law.com
mhartz@slk-law.com

Nathan A Wheatley on behalf of U.S. Trustee
United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

Michael William Hajek
Hajek & Hajek, PA
5308 Central Blvd
St Petersburg, FL 33707

John L. Heller
Marcum LLP
450 East Las Olas Boulevard, 9th Floor
Fort Lauderdale, FL 33301

Elavon, Inc.
Att: Lisa Sims, Manager
7300 Chapman Hwy
Knoxville, TN 37920

John J Lamoureux on behalf of Creditor
Orion Marine Construction, Inc.
jlamoureux@cfjblaw.com
delliott@cfjblaw.com
tpaecf@cfdom.net

L William Porter, III on behalf of Creditor
New Vista Builders Group, LLC
bill@billporterlaw.com
Matthew J Vaughn on behalf of Interested
Party Patel Construction Co., Inc.
mvaughn@petersonmyers.com,
mjvpleadings@petersonmyers.com

Matthew J Vaughn on behalf of Interested
Party Patel Construction Co., Inc.
mvaughn@petersonmyers.com,
mjvpleadings@petersonmyers.com

Angela Welch
welchtrustee@gmail.com
aesposito@ecf.epiqsystems.com
welchtrustee@gmail.com
aesposito@ecf.epiqsystems.com

/s/ John A. Anthony
**ATTORNEY**

# In re:
# CM HVAC Holdings, LLC
# Debtor

# Addendum to

# Expert Report

**July 20, 2018**

**Prepared by:**
**Oscher**  **Consulting, P.A.**

# In re:
# CM HVAC Holdings, LLC
# Debtor

## Table of Contents

|                          | Page(s) |
|--------------------------|:-------:|
| Addendum Overview        |    3    |
| Addendum Findings        |    4    |
| Conclusion               |   10    |

### Exhibits:

| | |
|---|---|
| Expert Report July 13, 2018 | Exhibit I |
| Truck #3 | Exhibit II |
| Truck #9 | Exhibit III |
| ADP Transactions | Exhibit IV |

# ADDENDUM OVERVIEW

CM HVAC Holdings, LLC, doing business as CGM Services, ("CGM", or "Debtor") has, until recently, provided heating, ventilation and air conditioning ("HVAC") service, maintenance, and installation services to residential and commercial customers in the Tampa Bay area. CGM filed its voluntary Chapter 11 petition for bankruptcy protection on April 16, 2018 (the "Petition Date"). On May 2, 2018, the case was converted to a Chapter 7 liquidation, with Angela Welch appointed as interim Chapter 7 trustee (the "Interim Trustee").

On April 17, 2018, Regions Bank ("Regions"), an Alabama chartered bank, filed its Proof of Claim for $4,423,330.73. The Proof of Claim ("Claim") related to two loan obligations and a purchasing card agreement (collectively, the "Obligations"). Its Claim was amended on June 4, 2018 to reflect $1,423,330.73 of secured debt and $3 million of unsecured debt. As collateral for the Obligations, Regions has a security interest in all deposit accounts, accounts receivable, inventory, and other assets of the Debtor[1] (the "Collateral").

Counsel for the Interim Trustee has asserted that Regions received payments during the 90 days prior to the Petition Date which would constitute a preference in Regions' favor to the detriment of the other unsecured creditors.

Counsel for Regions has asserted that the determination of whether payments received by Regions constitute a preference to the detriment of the other unsecured creditors necessitates the valuation of Regions' "Cash Collateral"[2] on the Petition Date and on the date 90 days prior to the Petition Date (January 16, 2018) to show whether Regions has improved its position as a result of the alleged preferential payments.

---

[1] The Collateral is described in Exhibit A to Florida Secured Transaction Registry No. 201505808365 filed on November 24, 2015.
[2] It is my understanding from Counsel that "Cash Collateral" is defined in the Bankruptcy Code at Section 363(a) and would include the Debtor's cash and cash equivalents, accounts receivable, and inventory.

Counsel for Regions has engaged Oscher Consulting, P.A. and Steven S. Oscher ("Oscher") to review and analyze whether Regions had improved its position as it relates to its cash collateral during the relevant time, to assess the relative value of alleged preference payments to the outstanding loan balance, and to prepare a conclusion on his findings. Oscher's conclusion was submitted in his Expert Report dated July 13, 2018. (Exhibit I)

On July 17, 2018, the Court heard proffers of fact regarding Oscher's conclusions and those of John L. Heller, CPA ("Mr. Heller"), the forensic accountant engaged by the Interim Trustee. The Court requested supplemental information and analysis, which is submitted in this Addendum. This Addendum incorporates by reference the findings and conclusions as detailed in the Expert Report dated July 13, 2018.

## ADDENDUM FINDINGS

As noted in my original report, I obtained understanding and insight of the Debtor and its business activities and accounting records, from the following individuals:

- Michael Hajek, CPA, ("Mr. Hajek") of Hajek & Hajek CPA's, P.A., who was engaged to prepare the Debtor's 2016 tax return and provided accounting and consulting services as a turnaround specialist beginning in mid- to late-2017 until the Petition Date.

- Christopher McNeil ("Mr. McNeil") is the former President and majority shareholder, having acquired control of the Debtor in approximately November 2015.

- Michael Budin ("Mr. Budin") was a project manager employed by the Debtor, involved in quoting new business, staffing existing jobs, and reporting progress for billing purposes.

Subsequent to the July 17, 2018 Hearing, I followed up with these individuals and corroborated their original statements to me through declarations provided to me by counsel.

At the hearing on July 17, 2018, the Court requested additional information regarding two elements of the Cash Collateral:

1) Accounts Receivable entries generated in the Debtor's "Wintac" software, used to schedule service calls, which was not recorded in the Debtor's QuickBooks accounting software,

2) Inventory contained in the Debtor's warehouse or carried on the Debtor's trucks for use in maintenance and repair services.

I have also been asked to analyze and quantify the use of Cash Collateral by the Debtor subsequent to the Petition Date.

**<u>Cash Collateral Asset: Accounts Receivable</u>**

Mr. Heller has questioned the credibility of the Debtor's QuickBooks accounting records. We agree with that assessment for the most part. As previously noted, we have tested the Accounts Receivable aging and cash collections in the Debtor's Regions and Navy Federal bank statements. We are aware of the departure of personnel responsible for entering Wintac invoices into QuickBooks which resulted in multiple deficiencies in the QuickBooks accounts receivable balance, including invoices which were never recorded in QuickBooks, as well as invoices which were recorded long after the date of service. These deficiencies as well as the collectibility of those receivables misrepresent the true accounts receivable balances at January 16, 2018 and on the Petition Date.

Ideally, the Wintac system and the QuickBooks would agree. Based on the data as reported in Wintac, the accounts receivable balance at January 16, 2018 was $3,265,813, as compared to $3,101,439 in QuickBooks. Similarly, the accounts receivable balance as

reported in Wintac at April 16 was $3,709,660, as compared to the QuickBooks balance of $2,981,804.

A separate concern regarding the reliability of the Wintac system relates to payments by customers, which should have been posted as received, reducing the accounts receivable balance. We previously analyzed deposit activity in the Debtor's accounts at Regions and Navy Federal as compared to payments posted in QuickBooks and found a high degree of accuracy in the QuickBooks ledger. Although the time constraints have not permitted a more detailed analysis, deposit transactions recorded in Wintac do not appear to be consistent with actual deposit activity. As a result we noted Wintac accounts receivable balances which have in fact been paid but were not closed properly. Monthly deposits, excluding transfers, and customer payments reflected in Wintac are summarized in the following table:

| Period | Deposits per Bank[3] | Deposits per Wintac | Difference | Cumulative Difference |
|---|---|---|---|---|
| December 2017 | $1,167,406 | $1,143,255 | $24,151 | $24,151 |
| January 2018 | 1,046,025 | 1,067,374 | (21,349) | 2,802 |
| February 2018 | 1,322,369 | 1,350,501 | (28,132) | (25,330) |
| March 2018 | 1,074,574 | 798,538 | 276,036 | 250,706 |
| As of April 16, 2018 | 512,920 | 402,223 | 110,697 | 361,403 |

With regards to the accounts receivable identified by Mr. Heller in Exhibit 3 to his July 16, 2018 Report, we noted that several of the invoices which were not recorded in QuickBooks related to periodic billings for maintenance agreements. To the extent that these billings represent unearned revenue for services not yet performed, it would not be appropriate to include them as accounts receivable as of the Petition Date. Detailed analysis of these invoices would be necessary to exclude maintenance agreement billings, which has not been attempted in the time frame allowed.

---

[3] Excluding transfers, refunds and other deposits apparently unrelated to customer payments.

From a valuation perspective, the amount recorded as Accounts Receivable must be looked at with consideration towards collectability of those Receivables. As noted in the table below, it is clear that the slight increase in Receivables less than 30 days old is only due to the additional entries being included in April 2018. The 31 – 90 day period declines dramatically (56.3%) due to the Debtor's collection efforts over the "low hanging fruit" while the over 90 day Receivable balance increases by 50.6%

| Accounts Receivable | Balance January 16 | % of Total | | Balance April 16 | % of Total | |
|---|---|---|---|---|---|---|
| Current[4] | ($1,058) | 0.0% | | $2,436 | 0.1% | |
| Aged 1 – 30 Days | 630,967 | 20.3% | | 763,750 | 25.6% | |
| Aged 31 – 60 Days | 629,385 | 20.3% | 42.8% | 366,380 | 12.3% | 18.7% |
| Aged 61 – 90 Days | 697,587 | 22.5% | | 190,799 | 6.4% | |
| Aged over 90 Days | 1,144,558 | 36.9% | | 1,658,439 | 55.6% | |
| Total Accounts Receivable | $3,101,439 | 100% | | $2,981,804 | 100% | |

Although our ability to properly analyze the Wintac system (to the extent it is even possible) was constrained by time, we concur with Mr. Heller's findings that a large number of invoices were entered between March 30 and April 16, 2018. Our knowledge that service entries had not been made timely and with limited service personnel available it is clear that the late entries recorded in the Wintac system at April 16th should have been made at an earlier date(s). Similarly, it seems reasonable to assume that valid receivables entered earlier in the year (and closer to the actual date of service) would have a better chance of collectibility than those recorded just days/weeks before the Petition Date. As a result, I chose to use the QuickBooks balances we tested against bank statements.

---

[4] Credit memos totaling $8,590.43 exceeded current accounts receivable of $7,532.50 on this date.

**Cash Collateral Asset: Inventory**

Mr. McNeil[5] has provided a Declaration confirming that the Debtor's inventory levels and ability to purchase inventory had significantly declined as of the Petition Date. Mr. Hajek is traveling out of the country but we have confirmed though counsel that he will also provide a Declaration confirming the significant decline in inventory levels. Consistent with their descriptions, warehouse inventory as reflected in QuickBooks inventory declined by approximately $150,000 from January 16th to the Petition Date. We noted a decline in inventory purchases which would be consistent with the decline in inventory levels, also acknowledged by Messrs. Hajek, Budin, and McNeil.



A question has been raised as to the level of inventory carried on the Debtor's trucks. On or around April 26, 2018, Mr. Hajek distributed payroll to the remaining service technicians. Before distributing their final checks, the service technicians were required to return their trucks to the Debtor's warehouse. At that time, Mr. Hajek photographed the warehouse and the trucks returned. Although QuickBooks records indicate a truck inventory approximating $465,000 as of January 16th and April 16th,

---

[5] Mr. Budin is expected to make a similar declaration, but it was not available as of the date of this Addendum.

declining inventory, purchases, and the declarations of Messrs. McNeil, Budin, and Hajek support a significantly lower balance as of the Petition Date.

On July 19, 2018 a physical inspection of the warehouse and trucks was performed by Regions' employees Scott Corrigan and Margaret Renou, counsel for Regions, and Lisl Unterholzner, a CPA with Oscher. We understand that the trucks and inventory remained relatively undisturbed[6] since the Debtor ceased operations on May 2nd. Analysis of Wintac and QuickBooks also indicates limited service activity between the Petition Date and May 2nd supporting the position that inventory levels would not have been significantly higher on the Petition Date.

During the inspection we examined two trucks (#3 and #9). (Exhibits II and III) We noted that recorded inventory value for Truck #3 and #9 was $22,800 and $28,200 respectively, since October 31, 2017. While we have not quantified the current value of the inventory remaining on these or any other trucks, our current visual inspection is consistent with Mr. Budin, Mr. McNeil, and Mr. Hajek's representations, as of the Petition Date, that the remaining inventory is of limited value.

| Category | Balance January 16, 2018 | Balance April 16, 2018 | Difference |
|---|---|---|---|
| Inventory | $925,383 | $777,981 | ($147,402) |
| Truck Stock | 465,435 | <50,000 – <100,000[7] | (365,435 – 415,435) |
| Inventory Asset- Other | 46,920 | 16,933 | (29,987) |
| **Total Inventory** | **$1,437,738** | **$844,914 -$894,914** | **($542,824 –$ 592,824)** |

---

[6] Approximately three trucks have been repossessed in the intervening time, and the remaining inventory on the trucks was removed and piled in the warehouse.
[7] Mr. McNeil's declaration indicated <$100,000.

**Post-Petition use of Cash Collateral**

I have examined the Debtor's Navy Federal bank statements and determined that payroll payments were made from the cash collateral of $180,051.64 after the Petition Date. (Exhibit IV)

## CONCLUSION

For the period examined, Regions' position with regards to the Cash Collateral declined as follows:

| | |
|---|---|
| Cash | $187,481 |
| Accounts receivable | ( 119,635) |
| Inventory | (542,824 – 592,824) |
| Total reduction (rounded) | ($475,000 – $525,000) |

The Debtor used Cash Collateral after the Petition Date approximating $180,000.

To the extent that additional information becomes available, I reserve the right to update my report as may be appropriate.

Steven S. Oscher
July 20, 2018

Exhibit I

# In re:
# CM HVAC Holdings, LLC
# Debtor

**July 13, 2018**

**Prepared by:**
**Oscher** ◇ **Consulting, P.A.**

Exhibit I

Case 8:18-bk-03054-CPM    Doc 213    Filed 07/20/18    Page 15 of 47

# In re:
# CM HVAC Holdings, LLC
# Debtor

## Table of Contents

|  | Page(s) |
|---|---|
| Understanding ........................................................ | 3 |
| Background ........................................................... | 4 |
| Information Considered ............................................... | 5 |
| Findings ............................................................ | 5 |
| Conclusion........................................................... | 12 |

**Exhibits:**

| Steven S. Oscher's Curriculum Vitae | Exhibit I |
|---|---|
| Steven S. Oscher's Rule 26 Disclosure | Exhibit II |
| Information Considered | Exhibit III |

# UNDERSTANDING

CM HVAC Holding, LLC, doing business as CGM Services, ("CGM", or "Debtor") has, until recently, provided heating, ventilation and air conditioning ("HVAC") service, maintenance, and installation services to residential and commercial customers in the Tampa Bay area. CGM filed its voluntary Chapter 11 petition for bankruptcy protection on April 16, 2018 (the "Petition Date"). On May 2, 2018, the case was converted to a Chapter 7 liquidation, with Angela Welch appointed as interim Chapter 7 trustee (the "Interim Trustee").

On April 17, 2018, Regions Bank ("Regions"), an Alabama chartered bank, filed its Proof of Claim for $4,423,330.73. The Proof of Claim ("Claim") related to two loan obligations and a purchasing card agreement (collectively, the "Obligations"). Its Claim was amended on June 4, 2018 to reflect $1,423,330.73 of secured debt and $3 million of unsecured debt. As collateral for the Obligations, Regions has a security interest in all deposit accounts, accounts receivable, inventory, and other assets of the Debtor[1] (the "Collateral"). On June 5, 2018, Regions sought the election of Larry Hyman, CPA ("Mr. Hyman") as Chapter 7 Trustee for the estate of the Debtor, to which the Interim Trustee has objected. The United States Trustee filed a Report of Disputed Election of Chapter 7 Trustee on June 6, 2018, identifying three disputed issues related to Regions' eligibility to vote and Mr. Hyman's ability to serve as Chapter 7 Trustee. Evidentiary hearings held on June 11 and June 18, 2018 have resolved two of the disputed issues, leaving unresolved the issue of whether Regions has an interest which is materially adverse to the interest of the other unsecured creditors.

Counsel for the Interim Trustee has asserted that Regions received payments during the 90 days prior to the Petition Date which would constitute a preference in Regions favor to the detriment of the other unsecured creditors.

---

[1] The Collateral is described in Exhibit A to Florida Secured Transaction Registry No. 201505808365 filed on November 24, 2015.

Exhibit I

Counsel for Regions has asserted that the determination of whether payments received by Regions constitute a preference to the detriment of the other unsecured creditors necessitates the valuation of Regions' "Cash Collateral"[2] on the Petition Date and on the date 90 days prior to the Petition Date (January 16, 2018) to show whether Regions has improved its position as a result of the alleged preferential payments.

Counsel for Regions has engaged Oscher Consulting, P.A. and Steven S. Oscher ("Oscher") to review and analyze whether Regions' had improved its position as it relates to its cash collateral during the relevant time, to assess the relative value of alleged preference payments to the outstanding loan balance, and to prepare a conclusion on his findings.

# BACKGROUND

Steven S. Oscher ("Oscher" or "Dr. Oscher") has his Doctorate in Business Administration from the University of South Florida. He is the Managing Director of Oscher Consulting, P.A. a Certified Public Accounting firm. Dr. Oscher is a Certified Public Accountant ("CPA") and has been accredited by the American Institute of CPAs in the areas of Business Valuation and Financial Forensics. Dr. Oscher has been accredited as a Certified Fraud Examiner.  He has worked on numerous engagements involving forensic accounting issues, investigations of fraudulent conduct and the analysis of economic damages.

A copy of Dr. Oscher's curriculum vitae is attached as Exhibit I.  A listing of cases in which Dr. Oscher has provided testimony at trial or deposition is attached as Exhibit II.  Dr. Oscher is compensated at the rate of $425 per hour.

---

[2] It is my understanding from Counsel that "Cash Collateral" is defined in the Bankruptcy Code at Section 363(a) and would include the Debtors cash and cash equivalents, accounts receivable, and inventory.

## INFORMATION CONSIDERED

The information I considered in forming my opinions in this matter is identified in Exhibit III.

## FINDINGS

I have examined CGM's bank statements for accounts maintained at Regions and Navy Federal Credit Union ("Navy Federal"), CGM's QuickBooks accounting records, tax returns, loan documents and deposit agreements related to the Debtor's Obligation to Regions, the Debtor's bankruptcy schedules, hearing transcripts, and other pleadings.

Additional understanding and insight has been provided through discussions with individuals involved in the management of the Debtor and its business activities and accounting records, specifically:

- Michael Hajek, CPA, ("Mr. Hajek") of Hajek & Hajek CPA's, P.A., who was engaged to prepare the Debtor's 2016 tax return and provided accounting and consulting services as a turnaround specialist beginning in mid- to late-2017 until the Petition Date.

- Christopher McNeil ("Mr. McNeil") is the former President and majority shareholder, having acquired control of the Debtor in approximately November 2015.

- Michael Budin ("Mr. Budin") was a project manager employed by the Debtor, involved in quoting new business, staffing existing jobs, and reporting progress for billing purposes.

At present, my findings and conclusions relative to the value of Regions' Cash Collateral gives recognition to the reliability of the currently available documentation, indications of the level of CGM's business activity over the relevant period, and the realizable value of the following assets:

- Cash and cash equivalents,
- Accounts receivable,
- Inventory.

## Reliability of Available Documentation

Cash balances were determined using bank statements provided for Regions and Navy Federal. They serve as an independent verification of the Debtor's actual cash balances on January 16th and April 16th, 2018.

With regards to the value of accounts receivable and inventory, I am aware that the reliability of the Debtor's QuickBooks accounting records has been questioned. During our inquiries, we became aware that a separate software package, the "Wintac" system, was used to generate service tickets and invoice customers for routine maintenance of their HVAC systems. The customer invoices generated by Wintac and their recording in QuickBooks has also been questioned. As in any accounting system, the accounts receivable balance is a function of 1) sales and service activity resulting in invoices sent to customers for payment, increasing accounts receivable, and, 2) payments which should result in closed invoices, reducing accounts receivable.

At present, the documentation necessary to assess the accuracy or completeness of the customer invoices reflected in the Debtor's QuickBooks file is suspect. Based on my discussion with Mr. Hajek and members of his team, the accounts receivable balance as recorded in QuickBooks did not reflect all of the services performed for customers beginning in approximately November 2017, primarily due to the loss of service

department personnel[3] responsible for entering maintenance calls generated by the Wintac software into the QuickBooks accounts receivable.  Maintenance services were estimated by Mr. Hajek to have represented about 20% of the Debtor's annual revenue.  Mr. Budin also discussed the breakdown in CGM's accounting process, corroborating Mr. Hajek's statements.

Although questions have been raised regarding the reliability of the QuickBooks records, we analyzed payments received from customers as they were recorded in QuickBooks and were able to trace 98 percent of those recorded transactions to Regions and Navy Federal bank statements. Similarly, the accuracy of the inventory amounts recorded in the Debtor's QuickBooks file has been questioned.  Mr. Hajek was able to confirm that a physical count of CGM's inventory was performed in the fourth quarter of 2017, supporting the year-end balance recorded in QuickBooks. Mr. McNeil, subsequently affirmed that inventory controls had been in place.

## Decline in Business Activity

We analyzed cash collections based upon the Debtor's Regions and Navy Federal account statements, payroll records, and records of billings and purchases maintained in the Debtor's QuickBooks file. Discussions with Mr. Hajek and Mr. Budin have also contributed to my analysis.

I noted that payments from customers historically deposited into the Regions operating account were being deposited into Navy Federal at the end of March 2018. Total deposits into Navy Federal were $24,757 in March and $677,307 in April. Of these amounts, approximately 43 percent ($289,340) has been identified as customer payments of accounts receivable, and an additional 51 percent ($347,963) appears to be consistent with customer payments, although it cannot be specifically identified in the QuickBooks

---

[3] Mr. Hajek stated that the maintenance department was "closed down" in approximately November, 2017.  Prior to closure, as many as 10 administrative workers answered calls from customers, booked service calls, and maintained the accounting records for the maintenance department.  Mr. Budin indicated that the manager of the department left the company at that time, and that unentered paperwork began to pile up in the Debtor's offices.

Exhibit I

records. Total deposits[4], including the payments of accounts receivable identified in the Debtor's QuickBooks records, are reflected in the following chart:



I noted the amount of deposits occurring in February appears to be an outlier due to approximately $450,000 in deposits having been received from an entity understood to be in the business of factoring accounts receivable, in spite of Regions existing security interest the accounts receivable.

Mr. Hajek confirmed that beginning in December 2017 or January 2018, as a result of late payments, vendors began requiring the Debtor to pay in advance for any purchase of materials, thereby constricting the Debtor's cash flow and restricting the jobs it could complete. This lack of available credit is reflected in the decline in CGM's purchase of materials from January through April 2018 as reflected in the following chart:

---

[4] Excluding transfers and ledger entries which were later reversed. Deposits which have been identified as customer payments of accounts receivable, totaling $49,776 in February and $219,343 in March, were made directly into Regions payroll account (ending x0846). These amounts have been included for the purpose of this analysis.



## Cash Collateral Asset: Cash

I have analyzed the Debtor's bank statements at Regions and Navy Federal. The following table reflects the bank balances as of January 16, 2018 and April 16, 2018:

| Account | Balance January 16, 2018 | Balance April 16, 2018 |
|---|---|---|
| Regions Operating Account[5] x5679 | $20,251.91 | $40,262.28 |
| Regions Payroll Account x0846 | 1,865.21 | 17,411.11 |
| Regions Checking Account x1884 | 975.30 | 0.00 |
| Navy Federal Checking Account x8142 | 16.44 | 142,911.04 |
| Navy Federal Checking Account x7078 | 0.00 | 10,000.00 |
| Navy Federal Savings Account x0118 | 0.00 | 5.00 |
| **Total Bank Balances** | **$23,108.86** | **$210,589.43** |

My analysis of cash held in bank accounts indicates an improvement of the Debtor's cash position of $187,480.57.

---

[5] The bank statement reflects a negative balance on April 16 of ($207,600.02). Per the testimony of Scott Corrigan, the Special Assets Manger from Regions, this represents an automatic payment of P-card debt, which was reversed by Regions on April 19 according to its review procedures under the relevant agreements.

## Cash Collateral Asset: Accounts Receivable

Based on discussions with Mr. Hajek and Mr. Budin, it is apparent that the accounts receivable at January 16, 2018 should have been higher. At present, I was not able to provide further analysis as to what those amounts would have been. Instead, based on our analysis of cash receipts, I have used the decline in total accounts receivable from January 16 to April 16, 2018 to reflect the change in accounts receivable[6]:

| Accounts Receivable | Balance January 16 | % of Total | Balance April 16 | % of Total |
|---|---|---|---|---|
| Current[7] | ($1,058) | 0.0% | $2,436 | 0.1% |
| Aged 1 – 30 Days | 630,967 | 20.3% | 763,750 | 25.6% |
| Aged 31 – 60 Days | 629,385 | 20.3% | 366,380 | 12.3% |
| Aged 61 – 90 Days | 697,587 | 22.5% | 190,799 | 6.4% |
| Aged over 90 Days | 1,144,558 | 36.9% | 1,658,439 | 55.6% |
| **Total Accounts Receivable** | **$3,101,439** | **100%** | **$2,981,804** | **100%** |

Mr. Budin and Mr. Hajek discussed the deterioration of the company's ability to purchase material, complete jobs, and collect payments owed by customers as the Debtor's financial condition deteriorated in the period from January 16 – April 16, 2018. Noteworthy was the decline in the 31-90 day aging period confirming the Debtor's efforts to collect what Mr. Hajek described as the "low hanging fruit".

Although, the analysis of the QuickBooks' accounts receivable balance during the 90-day preference period reflects a decline in Regions' Cash Collateral position of $119,635, I noted the increase of $513,882 in accounts receivable aged greater than 90 days, raises further questions as to the collectability of the remaining accounts receivable balance.

---

[6] Instead of removing specific invoices from accounts receivable, a lump sum amount appears as a credit as of December 31, 2017, which impacts the categories of aged accounts receivable. Adjustments have been made to remove the impact of this journal entry to accounts receivable.

[7] Credit memos totaling $8,590.43 exceeded current accounts receivable of $7,532.50 on this date.

**Cash Collateral Asset: Inventory**

Per the Debtor's bankruptcy schedules, as of the Petition Date, inventory consisting of pvc pipe, collars, thermostats, and other items expected to be used in the maintenance and repair of HVAC systems was reported at a cost of $777,981. In our discussion with Mr. McNeil, he expressed confidence in the accuracy of this amount, as detailed by his recording of each item in the bankruptcy schedules.

We analyzed the Debtors QuickBooks records, and the amount reported on the Debtor's bankruptcy schedules. The schedules can be tied directly to an "Inventory Summary" report in the QuickBooks files as of the Petition Date. The value of inventory reported on the Inventory Summary report in QuickBooks as of January 16th was $925,383.

In addition to the inventory located in the Debtor's warehouse, rolling inventory was carried on each truck used by the service technicians. This amount was separately identified in the Debtor's QuickBooks file at $465,435 as of January 16th. On or around April 13, 2018, Mr. Hajek distributed payroll to the remaining service technicians. Before distributing their final checks, the service technicians were required to return their trucks to Mr. Hajek. Mr. Hajek confirmed that while a small amount of inventory was recovered from the service trucks, the actual value of the truck inventory at April 16, 2018, would have been nominal.

A third category of inventory, identified as "Inventory Asset- Other" was reported as $46,920 as of January 16th and $16,933 as of April 16th in the Debtor's QuickBooks file. The nature and composition of this asset class, as well as the reliability of the amounts reported, cannot be assessed.

My analysis of inventory indicates a decline in Regions' Cash Collateral position as follows:

| Category | Balance January 16, 2018 | Balance April 16, 2018 | Decline |
|---|---|---|---|
| Inventory | $925,383 | $777,981 | ($147,402) |
| Truck Stock | 465,435 | <50,000 | (415,435 – 465,435) |
| Inventory Asset- Other | 46,920 | 16,933 | (29,987) |
| **Total Inventory** | **$1,437,738** | **$794,914 -$844,914** | **($592,824 –$ 642,824)** |

# CONCLUSION

For the period examined, Regions position with regards to the Cash Collateral declined as follows:

| | |
|---|---|
| Cash | $187,481 |
| Accounts receivable | (119,635) |
| Inventory | (592,824 – 642,824) |
| Total reduction (rounded) | ($525,000 – $575,000) |

It would appear that deposits into the Regions operating account previously identified by the Court (approximately $27,000) as a preference may be exceeded by the decline in Regions position noted above. The potential preference amount approximates .6% of the outstanding loan balance, suggesting that the amount of the preference is not material.

To the extent that additional information becomes available, I reserve the right to update my report as may be appropriate.

Steven S. Oscher
July 13, 2018

# STEVEN S. OSCHER – DBA, CPA, ABV/CFF, CFE

**Education:**

- **Doctor of Business Administration, 2017**
  **University of South Florida- Muma College of Business**
- **B.S. Accounting, 1977 University of South Florida**
- **Continuing professional education as an instructor and student**

**Employment:**

| | |
|---|---|
| **2017 – Present** | **University of South Florida**<br>**Adjunct Instructor** |
| **1990 – Present** | **Oscher Consulting, P.A.**<br>**Managing Director** |
| **1990 – 1991** | **Coopers & Lybrand - Consultant** |
| **1984 – 1990** | **Laventhol & Horwath - Partner**<br>**Director, Litigation Support Services**<br>**Director, Accounting & Auditing Services** |
| **1981 – 1984** | **Coopers & Lybrand - Audit Manager** |
| **1977 – 1981** | **Grant Thornton - Audit Supervisor** |

**Professional:**
**(current and past)**

- **AICPA- ABV Designation (Accredited in Business Valuation) and CFF Designation (Certified in Financial Forensics)**
- **Florida Institute of CPAs**
- **Association of Certified Fraud Examiners (Accredited as a CFE)**
- **FICPA Valuation and Litigation Section Steering Committee**
- **USF School of Accountancy, Past Chairman Advisory Board**
- **USF College of Business, Deans Advisory Board**
- **National Association of Forensic Economists**
- **Florida State Board of Accountancy, past Chairman and Vice Chairman**
- **American Arbitration Association, National Roster of Neutrals member**
- **Thirteenth Judicial Circuit Business Courts - Committee Member**
- **Hillsborough County Bar Foundation Board of Trustees, Treasurer**

**Community:**
**(current and past)**

- **USF Physicians Group of the USF College of Medicine, University Medical Service Association, Inc. and USF Medical Services Support Corporation-Board of Directors-Audit Committee Chairman**
- **Florida Bar Grievance Committee**
- **Leadership Tampa, Past Chairman**
- **University of South Florida National Alumni Association, Past President**
- **Hillsborough County Bar Association-Associate Member**
- **Sun Dome, Inc., Board of Directors President-Audit Committee Chairman**
- **The Florida Aquarium, Board of Directors**
- **Judicial Nominating Commission, Thirteenth Circuit, Former Commissioner**
- **Florida BOA Independence Task Force Committee, Former Chairman**

**Military:**

- **1966 – 1972    U.S. Navy - Submarine Service; Clearance:  Top Secret**

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| **FIRM** | **CASE NUMBER** | **CASE NAME** |
|---|---|---|
| Beth A. Cronin, Esquire<br>Trenam Kemker<br>200 Central Avenue, Suite 1600<br>St. Petersburg, FL 33701 | 8:12-cv-00557-JDW-EAJ<br>United States District Court,<br>Middle District of Florida,<br>Tampa Division | Burton W. Wiand, Esq., as Court-Appointed Receiver for Scoop Real Estate, L.P., Valhalla Investment Partners, L.P., Victory IRA Fund Ltd., Victory Fund, Ltd., Viking IRA Fund, LLC, and Viking Fund, LLC v. Wells Fargo Bank, N.A., as successor-in-interest to Wachovia Bank, N.A. and Timothy Ryan Best |
| Shaina Thorpe<br>Allen, Norton & Blue, P.A.<br>324 South Hyde Park Avenue<br>Hyde Park Plaza, Suite 225<br>Tampa, Florida 33606 | 8:13-cv-74-JSM-MAP    United States District Court, Middle District of Florida, Tampa Division | Todd R. Brien v. David Romine, individually, as Police Chief of St. Pete Beach, and Mike Bonfield, individually, and as City manager of St. Pete Beach, and The City of Pete Beach, a Florida Municipality |
| Todd Timmerman<br>Shumaker, Loop & Kendrick, LLP<br>101 East Kennedy Boulevard, Suite 2800<br>Tampa. Florida 33602 | 13-10546 (KG)<br>United States Bankruptcy Court<br>District of Delaware | SuperMedia LLC |
| Bill Larson<br>Larson & Larson, P.A.<br>11199 69th Street North<br>Largo, FL 33773 | 8:13-cv-00639-JDW-MAP<br>United States District Court,<br>Middle District of Florida,<br>Tampa Division | Micro Man Distributors, Inc., a Florida corporation, v. Louis Glunz Beer, Inc., an Illinois corporation |
| Robin Trupp<br>Greenspoon Marder<br>SunTrust Financial Centre<br>401 E. Jackson Street<br>Suite 2450<br>Tampa, FL 33602 | 06-2535-CI-13<br>In the Circuit County of the<br>Sixth Judicial Circuit in and for<br>Pinellas County, Florida | Reyes Roman, Marlene Roman, and Guerrero Corporation v. Lorenzo Castrejon and Leticia Castrejon |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| **FIRM** | **CASE NUMBER** | **CASE NAME** |
|---|---|---|
| Frank Jakes<br>Johnson Pope<br>403 East Madison Street<br>Suite 400<br>Tampa, FL 33602 | 8:12CV691-T-24MAP<br>United States District Court<br>Middle District of Florida<br>Tampa Division | Industrial Engineering & Development, Inc., Innovative Cartridge Technologies, Inc., Cartridge Corporation of America, Inc., American Imaging Cartridge, LLC; and Universal Imaging Holdings, LLC v. Static Control Components, Inc. |
| Isaac Ruiz-Carus<br>Wilkes & McHugh, P.A.<br>One North Dale Mabry<br>Tampa, FL 33609 | 8:11-bk-22258-MGW<br>United States Bankruptcy Court<br>Middle District of Florida<br>Tampa Division | Fundamental Long Term Care, Inc. v. General Electric Capital Corporation, et. al. |
| Brian Josias<br>233 South Wacker Drive<br>Suite 6600<br>Chicago, IL 60606 | 8:12-cv-2245-T-35EAS<br>United States District Court<br>Middle District of Florida<br>Tampa Division | Federal Deposit Insurance Corporation, As Receiver for Washington Mutual Bank v. First American Title Insurance Company |
| Brian Josias<br>233 South Wacker Drive<br>Suite 6600<br>Chicago, IL 60606 | 8:12-cv-2244-T-17-TBM<br>United States District Court<br>Middle District of Florida<br>Tampa Division | Federal Deposit Insurance Corporation, As Receiver For Washington Mutual Bank v. Stewart Title Guaranty Company |
| Joseph Weissman<br>403 East Madison Street, Suite 400<br>Tampa, FL 33602 | 3:11-cv-1058-HES-20JBT<br>The United States District Court<br>Middle District of Florida<br>Jacksonville Division | Southeastern Metals Manufacturing Company, Inc. v. Millennium Metals, Inc. & Thompson Architectural Metals Company |
| Kim Bald<br>Harllee & Bald, P. A.<br>202 Old Main Street<br>Bradenton, Florida 34205 | 2011-CA-004292-NC<br>Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida | M. Ashley Butler, PH.D, as Guardian of Claudine B. O'Connor, et al. v. Jeanne Saunders, George Saunders, Richard S. Scolaro, et al. |
| Derek J. Baker<br>Reed Smith LLP<br>136 Main Street, Suite 250<br>Princeton, NJ 08540 | 33 148 Y 00036 14<br>Before the American Arbitration Association | Microbilt Corporation v. Chex Systems, Inc. |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| FIRM | CASE NUMBER | CASE NAME |
|------|-------------|-----------|
| Brian McDowell<br>Holland and Knight<br>200 South Orange Avenue, Suite 2600<br>Orlando FL 32801 | 8:11-bk-12150-KRM | Teltronics, Inc. v. Harris Corporation and RPX Corporation |
| Charley Harris<br>Trenam Kemker<br>200 Central Avenue, Suite 1600<br>St. Petersburg, FL 33701 | 12-03359CI-11<br>In the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida | ICMfg & Associates, Inc. v. The Bare Board Group |
| Carl Nelson<br>Fowler White Boggs<br>501 E. Kennedy Boulevard<br>Suite 1700<br>Tampa, FL 33602 | 05-7822-CI-11<br>In the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida Civil Division | Alfred L. Williams, II v. Heritage Operating, LP |
| Sarah Glaser<br>Shumaker, Loop & Kendrick<br>Bank of America Plaza, Suite 2800<br>101 East Kennedy Boulevard<br>Tampa, FL 33602 | 01-14-0000-1552<br>American Arbitration Association | Isabel Mathieson, D.O. v. Renal Care Group of the South East, Inc. |
| Kimberly Ashby<br>Akerman LLP<br>420 South Orange Avenue, Suite 1200<br>Orlando, FL 32801-4904 | 2012-CA-000340-0000-LK<br>In the Court of the Tenth Judicial Circuit in and for Polk County, Florida | Odyssey (II) DP XIV, LLC v. Wells Fargo Bank N.A.; Bank of America, N.A. and LNR Partners, LLC |
| Robert M. Quinn<br>Carlton Fields Jorden Burt<br>4221 W. Boy Scout Blvd., Ste. 1000<br>Tampa, Florida 33607 | 8:13-CV001470-T-30TGW<br>United States Middle District of Florida Tampa Division | Caledonian Bank & Trust Limited vs. Fifth Third Bank |
| Richard A. Hirsch<br>Arnold D. Levine & Associates, P.A.<br>505 E. Jackson St., Suite 200<br>Tampa, Florida 33602 | 2013-CA-001295 AX<br>In the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County , State of Florida Civil Action | Elmer Mangrum and Rita Mangrum vs. Lakewood Ranch Golf Company, LLC |
| William J. Terry<br>City of Tampa<br>315 East Kennedy Boulevard<br>Fifth Floor<br>Tampa, FL 33602 | 13-CA-015012<br>Division: B<br>In the Circuit Court of the Thirteenth Judicial Circuit In And For Hillsborough County Florida Civil Division | Aidan & Saoirse, LLC v. City of Tampa |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| FIRM | CASE NUMBER | CASE NAME |
|------|-------------|-----------|
| Steven A. Anderson<br>Steven A. Anderson, P.L.<br>Bank of America Plaza<br>101 East Kennedy Blvd<br>Suite 2000<br>Tampa, FL 33602 | 8:13-cv-02890-SDM-AEP<br>In the Circuit Court of the<br>Thirteenth Judicial Circuit of the<br>State of Florida in and for<br>Hillsborough County | Flying Fish Bikes, Inc. vs.<br>Giant Bicycle, Inc. |
| John A. Anthony<br>Anthony & Partners, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, Florida 33602 | In the United States District<br>Court<br>Middle District of Florida<br>Tampa Division | Branch Banking and Trust<br>Company v. Kraz, LLC |
| Daniel Clark<br>Clark Martino, P.A.<br>3407 W. Kennedy Blvd.<br>Tampa, FL 33609 | In the Circuit Court of the<br>Thirteenth Judicial Circuit of the<br>State of Florida, in and for<br>Hillsborough County Civil<br>Division | Knut Horneland and Patricia<br>Horneland vs. US Bank, N.A. |
| J. Todd Timmerman, Esquire<br>Shumaker, Loop & Kendrick, LLP<br>101 E Kennedy Boulevard, Suite 2800<br>Tampa, FL 33602 | In the United States Bankruptcy<br>Court for the District of<br>Delaware<br>Chapter 11<br>Case No. 13-10546 | SuperMedia LLC vs. Yellow<br>Pages Photos, Inc. |
| Arnold D. Levine, Esquire<br>Levine & Sullivan, P.A.<br>Barrister Building, Suite 200<br>505 E. Jackson Street, Tampa, Florida<br>33602 | In the Circuit Court of the Sixth<br>Judicial Circuit in and for<br>Pinellas County, Florida Civil<br>Division | First Street & Fifth Avenue,<br>LLC vs. Chandresh Saraiya,<br>Vipul Kabaria, Jugal Taneja,<br>a/k/a Jugal K. Tenaja and Indira<br>Lalwani |
| Joe Varner<br>Holland & Knight<br>100 North Tampa Street, Suite 4100<br>Tampa FL 33602 | 08-05738<br>Division: J<br>In the Circuit Court of the<br>Thirteenth Judicial Circuit in and<br>for Hillsborough County, Florida<br>Civil Division | Todd Schnitt and Michelle<br>Schnitt v. Cox Radio, Inc.,<br>Bubba Radio Network, Inc.,<br>and Bubba Clem |
| Kristi Neher Davisson<br>Anthony and Partners, LLC<br>201 N. Franklin Street Suite 2800<br>Tampa, FL 33602 | 1:11cv03701 (JFH/GSB)<br>United States District Court for<br>the Northern District of Illinois<br>(Eastern Division) | United States *ex. rel.* Per Bukh<br>v. Guldmann, Inc. |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| FIRM | CASE NUMBER | CASE NAME |
|------|-------------|-----------|
| Anthony J. Cuva<br>Baja Cuva Cohen Turkel<br>100 North Tampa Street, Suite 1900<br>Tampa, Florida 33602 | 12-CA-008476 Division: L<br>In the Circuit Court of the<br>Thirteenth Judicial Circuit in and<br>for Hillsborough County, Florida<br>Business Court | Performance Renewable<br>Energy, Inc. vs. Kinder Morgan<br>Port Sutton Terminal, LLC<br>d/b/a Kinder Morgan |
| Rich McCrea<br>Greenberg Traurig, P.A.<br>101 East Kennedy Boulevard<br>Suite 1900<br>Tampa, Florida 33602 | 8:14-CV-3213-T-35-TGW<br>United States District Court<br>Middle District of Florida<br>Tampa Division | Jeffery Griffith, Johnathon<br>Blocher, Annette Rodriguez v.<br>Landry's, Inc. and CHLN, Inc.,<br>d/b/a Chart House f/k/a<br>Landry's Seafood House |
| Jody Valdes<br>Weekley Schulte Valdes, LLC<br>1635 North Tampa Street, Suite 100<br>Tampa, Florida 33602 | In the American Arbitration<br>Association Venue for<br>Arbitration: Hillsborough<br>County, Florida | Jose I. Lopez, MD., Jose<br>Ignacio Lopez, M.D., PA vs.<br>UnitedHealth Group, Inc., and<br>Optumrx, Inc. |
| Lisa Griffin Hodgdon<br>Broad and Cassel<br>100 North Tampa Street, Suite 3500<br>Tampa, Florida 33602 | In the Circuit Court of the<br>Twentieth Judicial Circuit in and<br>for Charlotte County, Florida<br>Civil Division | Sean Kearns v. Farmer<br>Acquisition Company d/b/a<br>Charlotte Honda |
| Mahlon H. ("Tripp") Barlow<br>Sivyer Barlow & Watson, P.A.<br>401 East Jackson Street, Suite 2225<br>Tampa, Florida 33602 | In the Circuit Court of the Sixth<br>Judicial Circuit in and for<br>Pinellas County, Florida Civil<br>Division | John S. Haskell, individually,<br>and John S. Haskell, as Trustee<br>of the John S. Haskell 2009<br>Grantor Retained Annuity Trust<br>Dated September 18, 2009 v.<br>Nicolas H. Haskell, Christopher<br>H. Haskell, and Charles Araba,<br>PCP Group, LLC |
| John A. Anthony, Esq.<br>Anthony & Partners, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, Florida 33602 | In the Circuit Court for the<br>Thirteenth Judicial Circuit in and<br>for Hillsborough County, Florida<br>Civil Division | Slice & Rice, Inc. v. CCP<br>Harbour Island, LLC |
| Mark Rabinowitz, Esq.<br>Greenspoon Marder, P.A.<br>201 E. Pine Street, Ste. 500<br>Orlando, FL 32801 | In the Circuit Court of the Ninth<br>Judicial Circuit in and for<br>Orange County, Florida | Melanie A. Desanto-Byrd v.<br>Jeffery M. Byrd |
| John Anthony, Esq.<br>Anthony & Partners, LLC<br>201 N. Franklin Street, Suite 2800<br>Tampa, Florida 33602 | In the Circuit Court of the 17th<br>Judicial Circuit in and for<br>Broward County, Florida | Michael Boorom and William<br>G. Harley vs. Lincare Inc. |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| FIRM | CASE NUMBER | CASE NAME |
|------|-------------|-----------|
| Holly Hawkins Saporito<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309 | United States District Court<br>Middle District of Florida<br>Tampa Division<br>Case No.: 8:15-cv-2294-T-30BM | Phelan Holdings, Inc. vs. Rare Hospitality Management, Inc. |
| Paul D. Watson<br>Sivyer Barlow & Watson, P.A.<br>401 E. Jackson St.<br>Suite 2225<br>Tampa, Florida 33602<br>Direct – 813.574.6722 | In the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida Civil Division<br>Case No. 2012-CA-1970 | Micheal K. Herron, MD, Vs. Inverness Medical Imaging, LLC, a Florida Limited Liability Company, Charles K. Zachar, MD, a/k/a Charles Zachar, MD., Individually and Richard M. Degirolami, MD, Individually |
| Cheryl Thompson<br>Thompson Law Practice, P.A.<br>301 W. Platt Street Suite 656<br>Tampa, Florida 33606<br>813-226-8580 | United Staes Bankruptcy Court<br>Middle District of Florida<br>Orlando Division        Case No. 6:15-bk-02498-KSJ Chapter 7 | Wade Martin Rome Kathleen Maloney Rome Debtors. Robert Thomas, individually and as assignee,<br>beneficiary or successor to Robert Thomas III, Trustee of the Robert Thomas Revocable Trust Dated April 6, 1989, Fredrick Laufer, individually and as assignee, beneficiary, or successor to Frederick Laufer, M.D. and Laura Walsh as Tenants by the Entireties and Brian Kaufman, individually and as assignee,<br>beneficiary or successor to Richard F. Kaufman and Morma V. Kaufman, Trustees of Kaufman Revocable Living Trust Dated January 30, 1996 v. Wade Martin Rome |
| Megan W. Murray<br>Trenam Law<br>101 E Kennedy Blvd, Suite 2700<br>Tampa, FL 33602<br>813-223-7474 | United States Bankruptcy Court<br>Middle District of Florida<br>Tampa Division        Chapter 11 Case No. 8:16-bk-06552-MGW | ICMfg & Associates, Inc. |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| **FIRM** | **CASE NUMBER** | **CASE NAME** |
|---|---|---|
| V. Stephen Cohen<br>Bajo Cuva Cohen Turkel, P.A.<br>100 N. Tampa St., Suite 1900<br>Tampa, FL 33602<br>Direct – (813) 868-6162<br>Office – (813) 443-2199 | In the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County Civil Division<br>Case No. 15-CA-001405 | Alegra Motorsports, LLC, vs. Hal Prewitt, Prewitt Enterprises, LLC, and Prewitt Management, LLC, / Prewitt Enterprises, LLC, a Florida limited liability compant, vs. Alegra Motorsports, LLC, a Florida limited liability company, and Carlos M. de Quesada, an individual |
| Scott J. Johnson<br>Holland & Knight LLP<br>200 South Orange Ave., Suite 2600<br>Orlando, FL 32801<br>Phone- 407-244-1120 | In the Circuit Court of the Sixteenth Judicial Circuit In and For Pinellas County, Florida<br>Case No. 13-004396-CI | Lifesouth Community Blood Centers, INC., a Florida nonprofit corporation vs. Hutton Medical Services, LLC, a Delaware limited liability company |
| Robert Rocke<br>Rocke, McLean & Sbar, P.A.<br>2309 S MacDill Ave,<br>Tampa, FL 33629<br>Phone- 813-769-5600 | American Arbitration Association<br>Case No.: 01-15-0006-0642 | Reticare, Inc., a Delaware corporation vs. Tech Data Product Management, Inc., a Florida corporation |
| Douglas Szabo<br>Henderson, Franklin, Stearnes & Holt<br>1715 Monroe St,<br>Fort Myers, FL 33901<br>Phone: 239-344-1260 | In the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida<br>Case No. 2015-CA-7137-0 | Design Pallets, Inc. V. Lifdek Corporation; Joseph J. Dank; Chris Gabrys; and Niel Schopke |
| Marshall Rainey<br>Burr & Forman<br>201 N Franklin St., Stuite 3200<br>Tampa, FL 33602<br>Phone: 813-367-5761 | In the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida<br>Civil Division<br>Case No. 2014-CA-001601 | Guyer Corral Ventures, LLC vs. Hughes Construction, Inc. vs. J. Gross Structures, Inc. and Pardue Masonry of Central Florida, Inc. |
| Kenneth G. Turkel<br>Bajo, Cuva, Cohen, Turkel<br>100 North Tampa Street, Suite 1900<br>Tampa, Fl 33602<br>Phone: 813-443-2199 | In the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida<br>General Civil Division    Case No. 18-CA-000225 | LDRV Holdings Corp. d/b/a Lazydays RV, a Delaware Corporation v. REV Recreation Group, Inc. f/k/a Allied Recreation Group, Inc., a Delaware Corporation |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| **FIRM** | **CASE NUMBER** | **CASE NAME** |
|---|---|---|
| Jonathan B. Sbar<br>Rocke, McLean & Sbar, P.A.<br>2309 S. MacDill Avenue<br>Tampa, FL 33629<br>Phone: 813-769-5600 | United States District Court<br>Middle District of Florida<br>Tampa Division<br>Case No. 8:17-cv-00190-T-23MAP | Financial Information<br>Technologies, LLC v. iControl<br>Systems, USA, LLC |
| John A. Anthony<br>Anthony & Partners, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, Florida 33602<br>Phone: 813-273-5616 | In the Circuit Court of the<br>Thirteenth Judicial Circuit<br>Hillsborough County, Florida<br>Civil Division<br>Case No. 16-CA-003845 | Slice & Rice, Inc. v. CCP<br>Harbour Island, LLC |
| Ronald E. Bush<br>Bush, Graziano, Rice & Platter, P.A.<br>100 S. Ashley Drive, Suite 1400<br>Tampa, Florida 33602<br>Phone: 813-302-1418 | In the Circuit Court of the Sixth<br>Judicial Circuit in and for Pasco<br>County, Florida Civil Division<br>Circuit Civil Case No. 2015 CA<br>1442 WS | Doreen L. Gilbert and Allen F.<br>Gilbert v. Jennifer D. Nuss,<br>M.D., Carolyn E. Johnstone,<br>M.D., Florida EM-I Medical<br>Services, P.A., Baxley<br>Emergency Physicians, LLC,<br>Siddharth H. Shah, M.D.,<br>Siddharth H. Shah, M.D., P.A.,<br>d/b/a Bay View Neurology,<br>Shiv K. Aggarwal, M.D., Shiv<br>Aggarwal, M.D., P.A., and New<br>Port Richey Hospital, Inc.,<br>d/b/a Medical Center of Trinity |
| William J. Schifino, Jr.<br>Burr Forman<br>201 N. Franklin St. Suite 3200<br>P: 813-221-1764 | American Arbitration<br>Association<br>Case No. 16-000751-CA | Jefferson Trupp, M.D. v.<br>Panama City Urological Center,<br>P.A., a Florida Professional<br>Association; Advanced Urology<br>Institute, L.L.C., a Florida<br>Limited Liability Company |
| Luis Santos<br>Ford Harrison<br>101 E. Kennedy Blvd. Suite 900<br>Tampa, FL 33602<br>P: 813-261-7852 | In the Circuit Court of the<br>Thirteenth Judicial Circuit in and<br>for Hillsborough County, Florida<br>Civil Division            Case<br>No. 17-CA-1588 | Sharon D. Ford vs. Lincare<br>Holdings Inc. |
| James C. Valenti<br>James C. Valenti, P.A.<br>500 S. Florida Ave., Suite 410<br>Lakeland, FL 33801<br>Phone: 863-937-6056 | In the Circuit Court of the Tenth<br>Judicial Circuit in and for Polk<br>County, Florida Civil Division<br>Case No. 2016-CA-000137 | David Ricketts vs. Fleetwing<br>Corporation, a Florida<br>Corporation |

**STEVEN S. OSCHER**
**OSCHER CONSULTING**
**LITIGATION BACKGROUND**

| FIRM | CASE NUMBER | CASE NAME |
|------|-------------|-----------|
| John A. Anthony<br>Anthony & Partners, LLC<br>201 North Franklin Street, Suite 2800<br>Tampa, Florida 33602<br>Phone: 813-273-5616 | In the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida Case No. 16-CA-005311 | Jackson's Bistro and Bar, L.C., a Florida limited liability company v. CCP Harbour Island LLC, a Florida limited liability Company |
| Clif Curry<br>Curry Law Group, P.A.<br>750 Lumsden Rd.<br>Brandon, Florida 33511<br>P: 813-653-2500 | In the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, State of Florida Family Law Division Case No. 14-DR-7597 | Keri Clare, Petitioner/Former Wife, and Michael P. Clare, Respondent/Former Husband |
| Scott A. Stichter<br>Stichter Riedel Blain & Prosser, P.A.<br>110 East Madison Street, Suite 200<br>Tampa, Florida 33602<br>Phone: 813-229-0144 | United States Bankruptcy Court Middle District of Florida Tampa Division Case No. 8:16-bk-10109-MGW | John Allen Yanchunis, Sr. v. James Hoyer, P.A., f/k/a James, Hoyer, Newcomer & Smiljanich, P.A., f/k/a James, Hoyer, Newcomer, Smiljanich & Yanchunis, P.A.; Founders Funding Group, LLC; W. Christian Hoyer; and John R. Newcomer, Jr., and Nancy Harrison |

EXHIBIT III

## INFORMATION CONSIDERED

| |
|---|
| • Agreement for Sale and Purchase of Assets & Exhibits |
| • Amended Proof of Claim 6/4/18 with Attachments and Exhibits |
| • Bankruptcy Declaration and Schedules |
| • Business Loan Agreement & Exhibits 11/19/15 |
| • CGM Services, Inc. Financial Statements for the Six Month Period Ended 6/30/15 |
| • Christopher McNeil 2015 & 2016 1040 Tax Returns |
| • Christopher McNeil Navy Federal Redacted, Partial 2018 Account Statements |
| • CM HVAC Holdings LLC d/b/a CGM Services Operating Statements Account #5679  January-May 2018 |
| • CM HVAC Holdings LLC d/b/a CGM Services Payroll Statements Account #0846 December 2016, January-May 2018 |
| • CM HVAC Holdings LLC d/b/a CGM Services Payroll Statements Account #0846 Reconciliation Summary December 2016 |
| • CM HVAC Holdings LLC 2015 & 2016 1120S Tax Returns |
| • CM HVAC Holdings LLC 2017 A/P Aging Summary |
| • CM HVAC Holdings LLC 2017 A/R Aging Summary |
| • CM HVAC Holdings LLC 2017 Balance Sheet |
| • CM HVAC Holdings LLC 2017 Profit & Loss |
| • CM HVAC Holdings LLC A/R Aging Summary as of 4/24/18 |
| • CM HVAC Holdings LLC Account #1884 Statements January-March 2018 |
| • CM HVAC Holdings LLC Balance Sheet January-September 2017 |
| • CM HVAC Holdings LLC Bank Statements Account #7185  January-May 2018 |
| • CM HVAC Holdings LLC Navy Federal Account Statements June 2016, November 2016, January 2017, March 2017, May-July 2017, September 2017-May 2018 |
| • CM HVAC Holdings LLC Profit & Loss January-September 2017 |
| • Declaration of John Heller |
| • Email from Dock Reed to Emery Ellinger, Debra Herweh & Christopher McNeil re Insurance |
| • Existing Lease and Proposed Assignment of Lease (Exhibit H1) |
| • Proposed Lease - Essential Facts (Exhibit H2) |

EXHIBIT III

| | |
|---|---|
| • | Bill of Sale (Exhibit I) |
| • | Ongoing Customer Service Contracts (Exhibit J) |
| • | Bill of Sale – All Other Assets (Exhibit K) |
| • | GCF Valuation of CGM Services, Inc. 5/31/15 |
| • | Index of Documents from Regions |
| • | Lease Termination Agreement 9/18/17 |
| • | Letter from John Heller to Andrew Ghekas re Document Production 7.5.18 |
| • | Letter to Regions from Christopher McNeil re Mike Charles |
| • | Loan Amortization Schedules 12/18/15 & 12/18/17 |
| • | Loan Closing Disbursement Statement |
| • | Backup Copy of QuickBooks Company File |
| • | Regions Approval to Release Mike Charles |
| • | Regions Bank's Post-Evidentiary Hearing Memorandum of Law on Disputed Election Motion |
| • | Regions Commercial Card Agreement |
| • | Regions Deposit Agreement |
| • | Regions Non-Personal Account Maintenance and Signature Form |
| • | Regions' Emergency Verified Motion for Resolution of Disputed Election |
| • | Regions' Post-Hearing Supplemental Memorandum of Points and Authorities Regarding Disputed Election |
| • | Regions' Response to Interim Trustee Claim Objection |
| • | Report of Disputed Election of Chapter 7 Trustee |
| • | Resource Management 30/60/90 Project Forecast |
| • | Transcript of Hearing on 6/18/18 with Index |
| • | Transcript of Hearing on 6/22/18 with Index |
| • | Transcript of Hearing on 6/27/18 with Index |
| • | Transcript of Hearing on 6/28/18 with Index |
| • | Transcript of Hearing on Emergency Motions 6/11/18 |
| • | Trustee's Notice of Filing Declaration of John L. Heller in Support of Response to Regions' Emergency Verified Motion for Resolution of Disputed Election |
| • | Trustee's Objection to Claim of Regions Bank (Claim Number 1) |

Exhibit I

EXHIBIT III

| | |
|---|---|
| • | Trustee's Response to Regions' Emergency Verified Motion for Resolution of Disputed Election |
| • | Wintac Software and Records |
| • | I.  1.  Authorization SBA |
| • | I.  2.  Acknowledgement and Receipt of SBA Poster and Authorization |
| • | I.  3.  Agreement to Provide Insurance |
| • | I.  4.  Anti-Coercion Statement-Assets |
| • | I.  5.  Assignment and Assumption of Lease with Landlord Consent |
| • | I.  6.  Borrower's Certification |
| • | I.  7.  Business Loan Agreement |
| • | I.  8.  Certification of Compliance with Child Support Obligations-Christopher Patrick McNeil |
| • | I.  9.  Certification of Compliance with Child Support Obligations-Michael Gary Charles |
| • | I. 10.  Closing Agreement-Borrower and Guarantors |
| • | I. 11.  Combined Closing Statement |
| • | I. 12.  Commercial Security Agreement |
| • | I. 13.  Debt Subordination Agreement |
| • | I. 14.  Fee Disclosure Form and Compensation Agreement |
| • | I. 15.  FL Agreement to Waive Garnishment Protection-Christopher Patrick McNeil |
| • | I. 16.  FL Agreement to Waive Garnishment Protection-Michael Gary Charles |
| • | I. 17.  Landlord's Waiver and Consent |
| • | I. 18.  Limited Liability Company Resolution to Borrow Grant Collateral |
| • | I. 19.  Loan Closing Disbursement Statement |
| • | I. 20.  Name Affidavit-Christopher Patrick McNeil |
| • | I. 21.  Name Affidavit-Michael Gary Charles |
| • | I. 22.  SBA Note $4,358,000 |
| • | I. 23.  Ownership and Day to Day Operator Affidavit |
| • | I. 24.  Pledge and Security Agreement-Membership Interests |
| • | I. 25.  Post Closing Agreement SBA Loan No. 80186950-04 |
| • | I. 26.  Settlement Sheet (Use of Proceeds Certification) |

| | |
|---|---|
| • | I. 27.  Standby Creditor's Agreement-$700,000 Note |
| • | I. 28.  Standby Creditor's Agreement-$900,000 Note |
| • | I. 29.  Statement Regarding Lobbying |
| • | I. 30.  UCC-1 Financing Statement-Assets (Florida Secured Transactions Registry No. 201505806982) |
| • | I. 31.  UCC-1 Financing Statement-Assets (OR Book 23734 PG 1925, Hillsborough) |
| • | I. 32.  UCC-1 Financing Statement-LLC Membership (Florida Secured Transactions Registry No. 201505807105) |
| • | I. 33.  Unconditional Guarantee-Christopher Patrick McNeil |
| • | I. 34.  Unconditional Guarantee-Michael Gary Charles |
| • | II.  1.  Authorization SBA Express |
| • | II.  2.  Acknowledgement and Receipt of SBA Poster and Authorization |
| • | II.  3.  Agreement to Provide Insurance-Assets |
| • | II.  4.  Anti-Coercion Statement-Assets |
| • | II.  5.  Borrower's Certification |
| • | II.  6.  Business Loan Agreement |
| • | II.  7.  Certification of Compliance with Child Support Obligations-Christopher Patrick McNeil |
| • | II.  8.  Certification of Compliance with Child Support Obligations-Michael Gary Charles |
| • | II.  9.  Closing Agreement-Borrower and Guarantors |
| • | II. 10.  Commercial Security Agreement |
| • | II. 11.  Debt Subordination Agreement |
| • | II. 12.  Fee Disclosure Form and Compensation Agreement |
| • | II. 13.  FL Agreement to Waive Garnishment Protection-Christopher Patrick McNeil |
| • | II. 14.  FL Agreement to Waive Garnishment Protection-Michael Gary Charles |
| • | II. 15.  Limited Liability Company Resolution to Borrow Grant Collateral |
| • | II. 16.  Loan Closing Disbursement Statement |
| • | II. 17.  Name Affidavit-Christopher Patrick McNeil |
| • | II. 18.  Name Affidavit-Michael Gary Charles |
| • | II. 19.  SBA Note $350,000 |
| • | II. 20.  Ownership and Day to Day Operator Affidavit |

EXHIBIT III

| | |
|---|---|
| • | II. 21.  Pledge and Security Agreement-Membership Interests |
| • | II. 22.  Post Closing Agreement SBA Loan No. 8018735-03 |
| • | II. 23.  Settlement Sheet (Use of Proceeds Certification) |
| • | II. 24.  Standby Creditor's Agreement-$700,000 Note |
| • | II. 25.  Standby Creditor's Agreement-$900,000 Note |
| • | II. 26.  Statement Regarding Lobbying |
| • | II. 27.  UCC-1 Financing Statement-Assets (Florida Secured Transactions Registry No. 201505808004) |
| • | II. 28.  UCC-1 Financing Statement-Assets (OR Book 23734 PG 1921, Hillsborough) |
| • | II. 29.  UCC-1 Financing Statement-LLC Membership (Florida Secured Transactions Registry No. 201505808365) |
| • | II. 30.  Unconditional Guarantee-Christopher Patrick McNeil |
| • | II. 31.  Unconditional Guarantee-Michael Gary Charles |

EXHIBIT II

## Truck #3
Inventory balance per QuickBooks, as of December 31, 2017: $22,822.57
There were no transactions in 2018
Last inventory adjustment in QuickBooks: October 31, 2017







EXHIBIT II






EXHIBIT II






EXHIBIT III

**<u>Truck #9</u>**
Inventory balance per QuickBooks, as of December 31, 2017: $28,238.32
There were no transactions in 2018
Last inventory adjustment in QuickBooks: October 30, 2017






EXHIBIT III





EXHIBIT III





Exhibit IV

| Check Number | Date | Description | Amount |
|---|---|---|---|
| 2100002 | 4/20/2018 | ACH Debit ACH:  ADP Wage Garn | $938.87 |
| 2100002 | 4/20/2018 | ACH Debit ACH:  ADP Tax | 20,598.25 |
| 2100002 | 4/20/2018 | Recycled ACH Debit ACH:  ADP Wage Pay | 64,632.54 |
| | | | 86,169.66 |
| | | | |
| 2100002 | 4/26/2018 | ACH Debit ACH:  ADP Wage Garn | 938.87 |
| 9100001 | 4/26/2018 | ACH Debit ACH:  ADP Tax | 19,324.31 |
| | | | 20,263.18 |
| | | | |
| 2100002 | 5/4/2018 | ACH Debit ACH:  ADP Wage Pay | 73,618.80 |
| | | | |
| | | Total: | $180,051.64 |