## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

CM HVAC HOLDINGS, LLC,                                        Case No.: 18-bk-03054
                                                             Chapter:  7

      Debtor.

_____/

### REGIONS' MOTION FOR ENLARGEMENT OF TIME TO FILE DECLARATIONS

Regions Bank, an Alabama state chartered bank ("Regions"), by and through its undersigned counsel, hereby moves on the following grounds for the order of this Court extending, for the sole purpose of filing (i) a declaration (the "Hajek Declaration") of Michael Hajek, CPA ("Hajek"), a copy of which is attached hereto as Exhibit "A," and a declaration (the "Budin Declaration") of Michael Budin ("Budin"), a copy of which is attached hereto as Exhibit "B," the deadline for filing supplemental materials in support of Regions' position with respect to the "Regions' Emergency Verified Motion for Resolution of Disputed Election (the "Disputed Election Motion") [Doc. 113] filed by Regions, as well as the "Trustee's Response to Regions' Emergency Verified Motion for Resolution of Disputed Election" [Doc. 125] filed by Angela Welch (the "Interim Trustee"), both relating to adjudication of the chapter 7 trustee election (the "Disputed Election") conducted by the Office of the United States Trustee on June 5, 2018, in this chapter 7 liquidation of the CM HVAC Holdings, LLC (the "Debtor"), or, alternatively, deeming the unexecuted Hajek Declaration to be executed as drafted and timely submitted for consideration of this Court:

      1.      At hearing on July 17, 2018, this Court requested that Regions and the Interim Trustee submit any supplemental materials with respect to the Disputed Election no later than Friday, July 20, 2018.

      2.      In order to supplement its filings with respect to the Disputed Election, Regions wishes to file the Hajek Declaration and the Budin Declaration (together, the "Declarations").  However, Hajek

is presently on vacation in rural Europe and physically unable to execute and deliver the Hajek Declaration. Budin has been on the road for work and without access to the materials necessary to effectuate execution and return of the Budin Declaration.

3.       Hajek has verbally agreed to execute the Hajek Declaration, and Budin has verbally agreed to execute the Budin Declaration.

4.       It is believed Hajek will be available to execute and return the Hajek Declaration no later than next Wednesday, July 25, 2018.

5.       It is believed Budin will be available to execute and return the Budin Declaration no later than Monday, July 23, 2018, if not earlier.

6.       Although Federal Rule of Evidence 703 is clear that an expert may rely on hearsay, even if it were not subject to an exception permitting admissibility recognized by this Court, Regions and those working with Regions at this time have now gone above and beyond in order to dispel any question as to whether the information contained herein would be permissible as the basis for the expert opinion by not only providing a description of the sources upon which its expert relied in developing his report (the "Oscher Report"). Moreover, the Declarations reflect information and sources upon which a forensic accounting expert would normally rely, as permitted under Federal Rule of Evidence 703 and other applicable law.

7.       However, as a prophylactic measure, Regions notes that the Declarations should be admissible pursuant to Federal Rule of Evidence 807, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Federal Rules of Evidence 803 or 804 if:

     a.   The statement has equivalent circumstantial guarantees of trustworthiness;

     b.   It is offered as evidence of a material fact;

     c.   It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

    d.   Admitting it will best serve the purposes of these rules and the interests of justice.

8.    The Declarations are trustworthy and provided from non-interested sources.  Moreover, they are offered in connection with material facts relating to the issues surrounding the Disputed Election, especially the confirmation of certain inventory and accounts receivable numbers.

9.    This motion is filed with the joinder of Jake Blanchard, Esquire, with the understanding that he has participated in this entire process as well.

WHEREFORE, Regions requests that this Court enter an order:

    a.   granting this motion;

    b.   providing Regions an enlargement of time until July 25, 2018 to file an executed copy of the Declarations; or

    c.   deeming the Declarations to be properly executed and timely submitted for the consideration of this Court; and

    d.   providing for such other and further relief as is just and proper under the circumstances.

/s/ Bradley W. Crocker
**JOHN A. ANTHONY, ESQ.**
Florida Bar No.:  0731013
janthony@anthonyandpartners.com
**ANDREW J. GHEKAS, ESQ.**
Florida Bar No.:  0119169
aghekas@anthonyandpartners.com
**BRADLEY W. CROCKER, ESQ.**
Florida Bar No.:  118616
bcrocker@anthonyandpartners.com
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: (813) 273-5616
Facsimile: (813) 221-4113
Attorneys for Regions

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2018, a true and correct copy of the foregoing has been served through this Court's CM/ECF System, via E-Mail, and/or U.S. Mail on the following parties:

Jake C Blanchard on behalf of Debtor CM HVAC Holdings, LLC
jake@jakeblanchardlaw.com
jake.c.blanchard@gmail.com
rebecca@jakeblanchardlaw.com
r64055@notify.bestcase.com

John C Brock, Jr. on behalf of Creditor Five Star Mechanical Insulation LLC
jbrock@trentcotney.com

Robert F Elgidely, Attorney for Trustee on behalf of Trustee Angela Welch
relgidely@gjb-law.com
cesser@gjb-law.com
vlambdin@gjb-law.com
chopkins@gjb-law.com
bsilva@gjb-law.com

Scott A Haas on behalf of Creditor Tampa Bay Trane
shaas@shaaslaw.com

Jessica A Hicks on behalf of Creditor Ford Motor Credit Company, LLC
bankruptcynotices@kasslaw.com
jhicks@ecf.courtdrive.com

Camille J Iurillo on behalf of Creditor Hillsborough and 56th Street, LLC
ciurillo@iurillolaw.com
nhawk@iurillolaw.com
azesch@iurillolaw.com

Robert S Jones, II on behalf of Creditor Tom Barrow Company
bjones@bobbyjoneslaw.com

Nicole Mariani Noel on behalf of Creditor St. Andrew's Episcopal Church

Timothy W Brink on behalf of Creditor Amerisure Mutual Insurance Company
tbrink@mpslaw.com, crampich@mpslaw.com

C Timothy Corcoran, III on behalf of Creditor St. Mary Catholic Church
ctcorcoran@mindspring.com

Kathleen L DiSanto on behalf of Creditor ARCO/Murray National Construction Company, Inc.
kdisanto@bushross.com
ebishop@bushross.com
bnkecf@bushross.com

Mariaelena Gayo-Guitian on behalf of Trustee Angela Welch
mguitian@gjb-law.com
chopkins@gjb-law.com
cesser@gjb-law.com
vlambdin@gjb-law.com
gjbecf@ecf.courtdrive.com

Ryan C Hardy on behalf of Creditor ARCO/Murray National Construction Company, Inc.
rhardy@spencerfane.com
kheinz@spencerfane.com

Andrew W Houchins on behalf of Creditor Ally Financial
arivera@rushmarshall.com

Eric D Jacobs on behalf of Trustee Angela Welch
ejacobs@gjb-law.com

John J Lamoureux on behalf of Creditor Orion Marine Construction, Inc.
jlamoureux@cfjblaw.com
delliott@cfjblaw.com

bankruptcynotices@kasslaw.com
nmnoel@ecf.courtdrive.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Jay B Verona on behalf of Creditor Charter HC
Tampa Gunn, LLC
jverona@slk-law.com
mhartz@slk-law.com

Nathan A Wheatley on behalf of U.S. Trustee
United States Trustee - TPA
nathan.a.wheatley@usdoj.gov

Michael William Hajek
Hajek & Hajek, PA
5308 Central Blvd
St Petersburg, FL 33707

John L. Heller
Marcum LLP
450 East Las Olas Boulevard, 9th Floor
Fort Lauderdale, FL 33301

Elavon, Inc.
Att: Lisa Sims, Manager
7300 Chapman Hwy
Knoxville, TN 37920

tpaecf@cfdom.net

L William Porter, III on behalf of Creditor
New Vista Builders Group, LLC
bill@billporterlaw.com
Matthew J Vaughn on behalf of Interested
Party Patel Construction Co., Inc.
mvaughn@petersonmyers.com,
mjvpleadings@petersonmyers.com

Matthew J Vaughn on behalf of Interested
Party Patel Construction Co., Inc.
mvaughn@petersonmyers.com,
mjvpleadings@petersonmyers.com

Angela Welch
welchtrustee@gmail.com
aesposito@ecf.epiqsystems.com
welchtrustee@gmail.com
aesposito@ecf.epiqsystems.com

/s/ Bradley W. Crocker
**ATTORNEY**

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CM HVAC HOLDINGS, LLC,                                    Case No.: 18-bk-03054
                                                          Chapter 7

      Debtor.
_____/

## DECLARATION OF MICHAEL HAJEK, CPA

I, Michael Hajek, CPA, declare the following:

1.      My name is Michael Hajek.

2.      Everything in this declaration is true and correct, and based upon my own personal knowledge except where expressly indicated to the contrary.

3.      I have been offered no financial or other inducement in consideration for my efforts in drafting and executing this declaration in its final form, which has been entirely voluntary.

4.      I am the principal of Hajek C.P.A.'s, P.A., which has provided accounting services to CM HVAC Holdings, LLC (the "Debtor"), both prior to the initiation of the above-captioned chapter 7 case (this "Liquidation"), and during the pendency of this Liquidation.  In this respect, my firm and I have provided financial and accounting expertise to the Debtor with respect to restructuring, bookkeeping, and other financial advisory, as well as oversight of general business activity.  In that capacity, I oversaw the financial and accounting records of the Debtor, and have reviewed the same. Consequently, I am familiar with the financial books and records of the Debtor, including inventory and accounts receivable, as well as more general, business, and operational knowledge regarding the Debtor's business.

5.      I have discussed how the Debtor operated before the Petition Date with legal counsel for Regions Bank and representatives of the forensic accounting firm hired by Regions, Oscher Consulting, P.A. During those discussions, I made the following observations.

6.      Based on my background and position with the Debtor, I can represent that the QuickBooks program was used to record and track inventory of the Debtor.  The QuickBooks records were adjusted periodically in accordance with adjustments in inventory levels, including adjustments to record purchases of inventory.

7.      As reflected in the QuickBooks records of the Debtor, a physical inventory was performed in the fourth quarter of 2017, and the Debtor's inventory as reflected in the QuickBooks records as of January 16, 2018 reasonably approximates its value.

8.      Based on my experience with the Debtor, during January 2018, the Debtor's inventory and ability to purchase needed materials was sufficient to complete new jobs.

9.      As the Debtor's financial condition worsened, purchases of new inventory declined from January 2018 through April 2018, and the Debtor's inventory declined.

10.     Based on my review of the financial and accounting records of the Debtor, the Debtor did not have the funds to support acquisition of needed inventory for new projects during the month of April 2018.

11.     A component of the inventory consisted of items stored on the Debtor's service vehicles, which were used by technician to perform repairs and maintenance to the Debtor's customers. The inventory of items stored on the Debtor's trucks was not consistently tracked as used, and as a result, the amount reflected in the QuickBooks records is not reliable.

12.     Based on the QuickBooks records, by April 16, 2018, the inventory stored on the trucks was valued at approximately $450,000; however, the inventory on the trucks constituted primarily minimal value items, such that the actual value of the truck inventory as of April 16, 2018 was in fact less than $50,000.

13.     On approximately May 2, 2018, I was present when technicians employed by the Debtor returned vehicles owned by the Debtor to the Debtor's warehouse. At that time, photos of the warehouse and the vehicles were taken, reflecting the current state of the Debtor's inventory.  My team

and I inspected the returned trucks and found only nominal amounts of inventory remaining on the trucks. Similarly, the technicians noted that the apparent level of inventory in the warehouse was low as compared to historical levels.  Notably, based on my experience working with the Debtor in the period leading up to and after the initiation of this Liquidation, the inventory levels of the Debtor could not have changed much in the period from April 16, 2018 to May 2, 2018.

14.     In the month prior to the Petition Date, the Debtor's worsening financial condition, and its inability to purchase needed material on credit, resulting in a focus by the Debtor to maximize accounts receivable collections (in particular, jobs which had been started, but not completed, with invoices aged less than 90 days, also referred to as the "low-hanging fruit"), as well as strategic decisions to complete only the jobs for which inventory was available or could be obtained with minimal cash outlays. The ultimate result of these strategies was a reduction in total accounts receivable and a reduction in inventory as compared to the levels observed 90 days prior to the Petition Date.

15.     This declaration is offered in support of the "Regions' Final Memorandum Regarding Contested Matter Pertaining to Disputed Election" [Doc. 208], filed by Regions in the above-captioned chapter 7 liquidation of the Debtor relating to the disputed election of a chapter 7 trustee, which election was conducted by the Office of the United States Trustee on June 5, 2018.

16.     I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Executed in _____ on this _____ day of July, 2018.


_____
**MICHAEL HAJEK, CPA**

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

CM HVAC HOLDINGS, LLC,                                    Case No.: 18-bk-03054
                                                                                    Chapter 7

      Debtor.

_____/

## <u>DECLARATION OF MICHAEL BUDIN</u>

I, Michael Budin, declare the following:

1.      My name is Michael Budin.

2.      Everything in this declaration is true and correct, and based upon my own personal knowledge except where expressly indicated to the contrary.

3.      I have been offered no financial or other inducement in consideration for my efforts in drafting and executing this declaration in its final form, which has been entirely voluntary.

4.      I was an employee of CM HVAC Holdings, LLC (the "Debtor") throughout the period lasting from January 16, 2018 through April 16, 2018 (the "Petition Date"). I served in a supervisory role with the Debtor, and in that capacity I was familiar with the day-to-day operations of the Debtor, as well as certain financial aspects of the Debtor, including inventory and accounts receivable.

5.      I have discussed how the Debtor operated before the Petition Date with legal counsel for Regions Bank and representatives of the forensic accounting firm hired by Regions, Oscher Consulting, P.A. During those discussions, I made the following observations.

6.      Based upon my position with the Debtor, I can further represent that the Debtor's purchases of inventory declined from January 2018 through April 2018. During March 2018, the Debtor's vendors put the Debtor on COD, constraining the ability to purchase needed materials.

Inventory was not able to be purchased during this period leading up to the Petition Date, and overall inventory levels fell.

7.        In my position with the Debtor, I was the project manager for certain construction jobs.  Due to the Debtor's cash constraints, the Debtor's inability to purchase necessary material resulted in the inability to complete jobs.  If those jobs had been completed as intended, the Debtor would be more likely to collect on its accounts receivable.  In those cases where a general contractor has been forced to find a new company to finish the job due to the Debtor's withdrawal, invoices for work performed by the Debtor to less than one hundred (100%) percent completion have become more difficult, if not impossible, to collect.

8.        In connection with my employment with the Debtor, and especially in connection with inspections completed upon return of the trucks by the Debtor's employees, I observed that as of the Petition Date, the inventory stored on the trucks when examined in April 2018 did not represent normal inventory levels, as reflected in photographs attached hereto as Composite Exhibit "A."

9.        This declaration is offered in support of the "Regions' Final Memorandum Regarding Contested Matter Pertaining to Disputed Election" [Doc. 208], filed by Regions in the above-captioned chapter 7 liquidation of the Debtor relating to the disputed election of a chapter 7 trustee, which election was conducted by the Office of the United States Trustee on June 5, 2018.

10.       I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Executed in Tampa, Florida on this 20th day of July, 2018.

_____

**MICHAEL BUDIN**

# COMPOSITE EXHIBIT "A"

































DS1 UPPER





DS3 UPPER

